```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                            FORT WORTH DIVISION

UNITED STATES OF AMERICA,        )  Case No. 4:20-mj-00488-BJ
                                 )
        Plaintiff,                )
                                 )  Fort Worth, Texas
v.                               )  August 7, 2020
                                 )  11:00 a.m.
ERIC PRESCOTT KAY,               )
                                 )  INITIAL APPEARANCE
        Defendant.                )
                                 )
```

                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JEFFREY L. CURETON,
                  UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Government:        Lindsey E. Beran
                           ASSISTANT UNITED STATES ATTORNEY
                           801 Cherry Street
                           Burnett Plaza, Suite 1700, Unit 4
                           Fort Worth, TX  76102
                           (817) 252-5200

For the Defendant:         William Reagan Wynn
                           REAGAN WYNN LAW, PLLC
                           5049 Edwards Ranch Road, Floor 4
                           Fort Worth, TX  76109
                           (817) 900-6800

Court Recorder:            Julie Harwell
                           UNITED STATES DISTRICT COURT
                           510 W. 10th Street
                           Fort Worth, TX  76102
                           (817) 850-6697

Transcription Service:     Kathy Rehling
                           311 Paradise Cove
                           Shady Shores, TX  76208
                           (972) 786-3063


          Proceedings recorded by electronic sound recording;
             transcript produced by transcription service.

1        <u>FORT WORTH, TEXAS - AUGUST 7, 2020 - 10:57 A.M.</u>
2             THE COURT:  All right.  Let's call Court to order.
3    The Court calls for initial appearance United States versus
4    Patricia Olsen and United States versus Eric Kay.
5    And the purposes of each of your hearings is to make sure that
6    you understand your rights and that you understand the nature
7    of the charges that have been brought against you.
8         I inform each of you that you have the following
9    constitutional rights:  You have the right to remain silent,
10   to not make any statement at all.  You are not required to
11   make any statement concerning a charge against you, and if you
12   have made a statement, you're not required to say more.  If
13   you decide to make a statement, you may stop at any time.
14   Keep in mind that any statement you make may be used against
15   you.
16        You also have the right to have an attorney at all stages
17   of the proceedings.  And if you cannot afford an attorney, I
18   will appoint an attorney for you today.
19        And finally, I inform you, if you're not a citizen of the
20   United States, then consular notifications will be made as
21   required by the law or as requested by you.
22        Ms. Olsen, I'm going to begin with you.
23        (Proceedings as to Defendant Olsen, 10:58 a.m. to 10:59
24   a.m.)
25             THE COURT:  I'll turn my attention to Mr. Eric Kay.

1   And Mr. Kay, I'm going to ask you to keep in mind what I went
2   over at the beginning of the hearing.  I have an entry of
3   appearance in this case by Mr. Reagan Wynn, and that is, of
4   course, accepted by the Court, and it's good to see again, Mr.
5   Wynn.
6            MR. WYNN:  Good to see you, Judge.
7            THE COURT:  Have you had a chance to go over the
8   Affidavit in Support of Criminal Complaint as to your client?
9            MR. WYNN:  I have, Your Honor, and we'll waive
10  reading of it.
11           THE COURT:  Okay.  I won't require it to be read or
12  otherwise summarized.
13      In your case, Mr. Kay, the Government is not asking that
14  you be detained.  And prior to this hearing, in consultation
15  with Pretrial Services --
16      Hold on just a moment.  Can you turn your microphone for
17  me, Mr. Davis, just -- it'll help a little.  It won't turn
18  off.  Yes, perfect.
19      So, in consultation with Pretrial Services, an order
20  setting conditions of release has been prepared.  Have you had
21  a chance to review that order?
22           THE DEFENDANT:  Yes, Your Honor.
23           THE COURT:  Do you understand all of the conditions
24  that are set forth in the order?
25           THE DEFENDANT:  Yes, Your Honor.

1      THE COURT:  I have the original before me, and it
2  appears to be signed by you on Page 3 under Acknowledgment of
3  the Defendant.  Is it your signature on this original?
4      THE DEFENDANT:  Yes, Your Honor.
5      THE COURT:  Just above your signature on Page 3 is a
6  set of provisions which set forth the possible penalties and
7  sanctions should you fail to comply with the conditions.  Did
8  you review those carefully?
9      THE DEFENDANT:  Yes, I did, Your Honor.
10      THE COURT:  Do you understand it can be a separate
11 federal offense if you fail to comply with the conditions?
12      THE DEFENDANT:  Yes, I do, Your Honor.
13      THE COURT:  There's an additional consequence I need
14 to make sure you're aware of, and I know Mr. Wynn will explain
15 this to you in more detail as you go forward, but I need to
16 inform you that your failure to abide by these conditions
17 could adversely affect the case you presently have in our
18 Court in that a district judge could at some future point find
19 that you have failed to accept responsibility for your actions
20 if you're unable to abide by our Court conditions.  Do you
21 understand it can have that adverse effect?
22      THE DEFENDANT:  I understand, Your Honor.
23      THE COURT:  All right.  Thank you.
24    Are the conditions acceptable to the Government, Ms.
25 Beran?

1          MS. BERAN:  Yes, Your Honor.
2          THE COURT:  Any issue from the Defense?
3          MR. WYNN:  Nothing from the Defense, Your Honor.
4          THE COURT:  Okay.  Then I'm satisfied that Mr. Kay
5  understands the conditions of release, and I find that they
6  are appropriate in this case, so I'm signing the order setting
7  conditions for your release.
8     Let's see here.  Does the Defense wish to have a probable
9  cause hearing?
10          MR. WYNN:  Your Honor, we will waive the probable
11  cause hearing at this time.
12          THE COURT:  Okay.  Then what I will do, then, is make
13  a determination based on the information before the Court that
14  probable cause exists for the charge brought against you, Mr.
15  Kay.
16     And with probable cause and detention being determined,
17  are there any other matters to consider?
18          MS. BERAN:  Yes, Your Honor.  The Government needs to
19  raise one matter.  We were notified this morning that the
20  Angels' counsel, so that's Mr. Kay's former employer, thinks
21  that there could be a potential conflict with Mr. Wynn
22  representing Mr. Kay in this matter.  They've agreed, so all
23  parties can look into it further, to let him appear for the
24  limited appearance today.
25          THE COURT:  Uh-huh.

1          MS. BERAN:  My understanding is that Mr. Kay doesn't
2    have an issue with it, but I don't want to speak for him.
3       The Government, at this point, not having fully looked
4    into it, also doesn't see that there is a conflict, --
5          THE COURT:  Okay.
6          MS. BERAN:  -- but the Angels wanted us to note their
7    continuing objection and that they haven't waived their right
8    to raise it at a later time.
9          THE COURT:  All right.  And you want to look into
10   that and report back to the Court?
11         MR. WYNN:  Yes, Your Honor.  And just to be clear,
12   it's the California Angels.  I don't know what the name of the
13   --
14         THE DEFENDANT:  Los Angeles.
15         MR. WYNN:  Oh, Los Angeles Angels.  I don't know what
16   the exact proper name of the legal entity is, but that entity
17   was previously represented by the law firm I was employed by
18   until September 1st of 2019.
19      My client, Mr. Kay, has been informed of any possible
20   conflict and has indicated that he would waive any conflict.
21   We just need to straighten the rest of it out.
22         THE COURT:  Okay.  Why don't you all go over that
23   together, and you're more than welcome to submit like a
24   written waiver if you want to document that with our Court.
25   Or if there is an issue, we'll take it up if the parties alert

1  me to it.
2           MR. WYNN:  Okay.  Thank you, Judge.
3           THE COURT:  All right.
4           MS. BERAN:  Thank you, Your Honor.
5           THE COURT:  Thank you.  All right.  So, Mr. Kay, you
6  are ordered to be released by the Marshals after any
7  appropriate processing, if any, and the attorneys are excused
8  at this time.  Thank you.
9           MR. WYNN:  Thank you, Judge.
10          MS. BERAN:  Thank you, Your Honor.
11      (Proceedings concluded at 11:04 a.m.)
12                           --oOo--
13
14
15
16
17
18
19
20                         CERTIFICATE
21     I certify that the foregoing is a correct transcript from
   the electronic sound recording of the proceedings in the
22 above-entitled matter.
23 **/s/ Kathy Rehling**                                  08/13/2020
24 _____    _____
   Kathy Rehling, CETD-444                              Date
25 Certified Electronic Court Transcriber

1                                INDEX

2    PROCEEDINGS                                                 3

3    WITNESSES

4    -none-

5    EXHIBITS

6    -none-

7    RULINGS

8    Conditions of Release                                       5
     Waiver of Preliminary Hearing                               5
9    Findings                                                    5
     Defendant Released on Conditions                            7
10
     END OF PROCEEDINGS                                          7
11
     INDEX                                                       8
12