IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA     §
                             §
vs.                          §        No. 4:20-CR-269-Y
                             §
ERIC KAY                     §
                             §

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**
**GOVERNING DISCLOSURE OF DISCOVERY MATERIALS**

Pursuant to Rules 16 and 49.1(e) of the Federal Rules of Criminal Procedure, the

government files this Unopposed Motion for a Protective Order Governing Disclosure of

Discovery Materials to protect personally identifiable information, protect personal and

confidential information, protect financial information, protect ongoing criminal

investigations, maintain the integrity of the judicial process, and promote timely resolution

of this case.  The government therefore files this motion and would show as follows:

I.     Background

On October 15, 2020, an indictment was returned against defendant Eric Kay.  (Dkt.

12.)  The indictment charges Kay with one count of conspiracy to distribute a controlled

substance and one count of possession with intent to distribute and distribution of a

controlled substance.  (Dkt. 12.)  On October 27, 2020, Kay filed a waiver of arraignment

and entered a plea of "not guilty" to each count charged.  (Dkt. 15.)  The Court originally

set this matter for trial on December 14, 2020 (Dkt. 16), but the parties filed a joint motion

to continue the trial date and all accompanying pretrial deadlines (Dkt. 17), which the Court

granted (Dkt. 18).  Trial is set in this matter for April 19, 2021.

II.      Discovery is Voluminous and Contains Protected Information

        The indictment in this case results from an investigation by the Drug Enforcement Administration (DEA) and local law enforcement partners.  As part of their investigation, law enforcement officials have obtained personal records and financial records by various means, including grand jury subpoenas and search warrants.  This evidence includes documents that contain social security numbers, dates of birth, and other protected information such as medical records and financial and bank records that contain account numbers.  Redacting the personal identifying information from all of these documents would be burdensome.

        The overdose victim in this case was a Major League Baseball pitcher and the defendant was the Director of Communications for the Los Angeles Angels baseball team. As a result, the discovery materials also contain highly sensitive, personal information.  For example, some categories of discovery materials include cell phone data, Apple account data, and social media data.  In addition, some of the witnesses interviewed during the course of this investigation are professional athletes and/or otherwise affiliated with Major League Baseball in various capacities.  Finally, there has been significant media interest throughout the course of this investigation and the defendant's arrest.  Redacting the significant personal and confidential information that might jeopardize the focus and preparation of the case could take several weeks and would likely result in discovery that is devoid of useful and meaningful information.

III.   Protective Order Sought

To facilitate the timely resolution of the case, the government intends to make the vast majority of the discovery available unredacted through production on secure electronic devices or through the opportunity to review discovery at the U.S. Attorney's Office for the Northern District of Texas.  Given the volume of discovery, the parties agree that an encrypted hard drive containing all the discovery that will be released to the defendant is the most viable method to exchange the discovery information outlined above.  The parties agree that counsel for defendant Eric Kay will provide the government with two new 2 terabyte hard drives.  The government will load the discovery that will be released to the defendant that is currently in its possession onto the hard drives and return them to counsel for defendant Eric Kay.  The parties agree to this exchange of information.

Some of the discovery information will be made available for review by counsel for Eric Kay but will not be released or produced on the hard drive ("DNR Discovery Materials").  Currently, the DNR Discovery Materials are comprised of sensitive DEA-6s and other pertinent memoranda and sensitive information related to other investigations. The parties agree that both parties, and in particular the government, have a compelling interest in preventing all discovery materials—that which is produced via hard drive and that which is designated DNR Discovery Materials—from being disclosed at this time to anyone other than defense counsel and other necessary and specifically identified individuals.  The parties agree that due to the nature of the proceedings and the victim in this case as well as the fact that all discovery materials include, among other things,

personally identifying information, ongoing criminal investigations, and the identity of certain individuals, the release or disclosure of discovery materials may particularly implicate the privacy interests of third parties and the ability to properly and fairly prepare for trial in this matter.

Discovery that is released and not designated as DNR Discovery Materials may be shared electronically or via hard copy with defendant, all counsel employed by defendant and their agents, any expert or agent of any expert employed the defendants, or any litigation support company hired by the defense for trial preparation or trial and their agents. Should counsel share with a defendant any item of discovery that contains PII of another individual or is otherwise confidential in nature (i.e., cell phone data, cell phone records, Apple records), the defendant shall return or destroy it. Counsel for defendant will ensure that the defendant does not maintain any such discovery materials in his possession or otherwise disseminate the discovery materials in any matter not permitted in the Protective Order.

The parties agree that no other party will be allowed access to the information without prior authorization of this Court, except as outlined in the Protective Order. Finally, the parties agree upon completion of this case, subject to ethical obligation of all counsel regarding appellate matters and file retention policies, any and all copies of all discovery materials will be deleted or destroyed.

Lastly, should any party wish to use any of the discovery items as an exhibit to a motion or at trial, that party is responsible for complying with the standard rules regarding

protecting personal identifying information by redacting the document and/or seeking leave to file the document under seal.

IV.    Authority for a Protective Order

The parties also agree that the Court has the power under the Federal Rules of Criminal Procedure to grant appropriate relief to the parties where required, such as in the instant matter, in the interests of justice.  This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature.  FED. R. CRIM. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information).  Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause.  *Id.*  Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185 (1969).

IV.    Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case.  The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendants' interest in full and efficient discovery.  The compelling interests of protecting personal and confidential information, social security numbers, dates of birth, bank account numbers, personal health information, and other

personal identifying information by preventing disclosure of this information to third parties constitutes more than adequate good cause to enter the requested protective order.


RESPECTFULLY SUBMITTED,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY


*s/ Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600


### CERTIFICATE OF CONFERENCE

I certify that Reagan Wynn, attorney for Eric Kay, indicated on January 14, 2021, that he is not opposed to the relief sought in this motion or in the proposed protective order.

*s/ Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney