IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 4:20-CR-269-Y |
| | § | |
| ERIC KAY | § | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

The Court has considered the Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials (doc. 19) and finds that good cause has been established to restrict discovery in this case. The Court believes that a protective order is a reasonable measure that protects the rights of the defendant, the public, and any witnesses involved in this case. As a result, the motion is GRANTED. Pursuant to Rules 16 and 49.1 of the Federal Rules of Criminal Procedure and the inherent authority of this Court, it is hereby ORDERED that:

1. All discovery material in this matter that is disclosed or produced to the defendant and/or defense counsel shall be used by the defendant or his counsel solely for purposes of his defense of this criminal action. Moreover, any discovery materials (or copies thereof) provided by the government to the defense shall not be disseminated or disclosed to any person besides this Court, the parties, counsel, or any Designated Individuals, as defined below in Paragraph 2(a).

2. All discovery material in this matter, except discovery material that is designated DNR Discovery Materials as provided below, shall not be disclosed or distributed in any form by the defendant or his counsel except as follows:

a. May be disclosed only by defense counsel to the following individuals ("Designated Individuals"):

   i. investigative, secretarial, clerical, or paralegal personnel employed full-time, part-time, or as independent contractors by the defendant's counsel ("Defense Staff");

   ii. any expert or potential expert, legal advisor, consultant, or any other individual retained or employed by the defendant and defense counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors");

   iii. such other persons as hereafter may be authorized by order of the Court (Other Authorized Persons);

b. May be provided to prospective witnesses and their counsel (collectively, "Potential Defense Witnesses"), to the extent deemed necessary by defense counsel, for trial preparation. To the extent discovery materials are disclosed to Potential Defense Witnesses, they agree that any such materials will not be further copied, distributed, or otherwise transmitted to individuals other than the recipient Potential Defense Witness.

3. To the extent that discovery is disseminated to Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses, defense counsel shall encrypt and/or password protect the discovery materials.

4. The government, the defendant, defense counsel, Defense Staff, Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses and their counsel are prohibited from posting or causing to be posted any of the discovery or information contained in the discovery on the Internet, including any social media website or other publicly available medium.

5. The government (other than in the discharge of their professional obligations in this matter), the defendant, defense counsel, Defense Staff, Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses and their counsel are strictly prohibited

from publicly disclosing or disseminating the identity of any victims or witnesses referenced in the discovery materials. This order does not prohibit defense counsel or Defense Staff from referencing the identities of individuals they believe may be relevant to the defense to Potential Defense Witnesses and their counsel during the course of the investigation and preparation of the defense case trial. Any Potential Defense Witnesses and their counsel who are provided such identifying information by defense counsel or staff are prohibited from further disclosing or disseminating such identifying information.

6. The defendant, defense counsel, Defense Staff, Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses and their counsel are prohibited from filing publicly as an attachment to a filing or excerpted within a filing the identity of any victims or witnesses referenced in the discovery materials, who have not spoken by name on the public record in this case, unless authorized by the government or by court order. Any such filings must be filed under seal, unless authorized by the government in writing or by order of the Court.

7. Any discovery materials designated DNR Discovery Materials shall be viewed only by defense counsel of record at the United States Attorney's Office for the Northern District of Texas or other location as agreed to by the parties. The review of these materials is limited to the taking of notes. Copying or making images of the provided documents is not permitted at this time.

8. No further disclosure of the names of non-law enforcement individuals included in the DNR Discovery Materials who have not been charged in this case shall occur, except,

if necessary, in sealed court filings, absent further agreement of the government or order of the Court.

9. Defense counsel shall advise any person on the defense team, including the defendant, Defense Staff, Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses and their counsel, to whom defense counsel's notes and recollection of the DNR Discovery Materials is subsequently disclosed, that further disclosure or dissemination by these Designated Individuals is prohibited without the government's express consent or further order of the Court.

10. Defense counsel agrees to secure all notes of the DNR Discovery Materials from inadvertent or unauthorized disclosure.

11. Any attorney of record who is retained or appointed to represent the defendant and who is later relieved of representation of a defendant is bound by the terms of this order unless excused from its terms by Court order.

12. Any discovery materials provided by the government to defense counsel that contain the personal identifying information of any party or witness (or potential witness) that has not been redacted:

> (a) will not be copied, except to the extent needed as trial exhibits or as counsel's working copies;
>
> (b) will not be provided to, or kept by, a defendant, after the conclusion of the instant litigation and will not be disseminated by a defendant except as set forth above; and
>
> (c) will not be disseminated to anyone not identified herein other than this Court, the parties to this case, or the specific provider or patient to whom a medical file pertains, if applicable, or

    the specific witness to whom a financial record pertains, if applicable.

 13. The prohibitions described in the above paragraphs shall not prohibit defense counsel from delivering to defendant the following categories of documents for review and inspection in electronic and/or hard copy format:

  (a) any documents in which any personal identifying information has been redacted, including but not limited to any reports of interview by law enforcement;

  (b) any bank records, case initiations, and other personal information pertaining to the particular defendant to whom this order applies; and

  (c) any documents containing the personal identifying information of the particular defendant to whom this order applies.

 14. Due to the large volume of discovery in this case and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials, the parties agree that the inadvertent disclosure or production of any information or document that is subject to a claim of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Moreover, the parties agree that should any party receive and discover potentially privileged information, the party shall notify opposing counsel of its existence and that any party receiving such information or document shall return it upon request from the producing party.

15. The defendant and defense counsel shall provide a copy of this order to any Designated Individuals to whom they disclose discovery materials. Before disclosing discovery materials to any Designated Individuals, any such Designated Individual shall agree to be subject to the terms of this order by signing a copy of this order and stating they "agree to be bound by the terms herein," and providing such copy to the defense counsel. All such acknowledgements shall be retained by defense counsel and shall be subject to *in camera* review if good cause for review is demonstrated. The defendant and his counsel need not, however, obtain signatures from any member of the defense team or Defense Staff (i.e., attorneys, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), all of whom are nonetheless bound by this protective order.

16. **Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this Court.**

SIGNED January 28, 2021.

*/s/ Terry R. Means*
_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

**Protective Order—Page 6**