IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-269-Y |
| | § | |
| ERIC PRESCOTT KAY (01) | § | |

### DEFENDANT'S OPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL DEADLINES

TO THE HONORABLE TERRY R. MEANS
SENIOR UNITED STATES DISTRICT JUDGE FOR THE
NORTHERN DISTRICT OF TEXAS

COMES NOW, **ERIC PRESCOTT KAY (1)**, Defendant, by and through his attorneys of record, MICHAEL A. MOLFETTA and WM. REAGAN WYNN, and moves this Court to continue the current trial date for a period of at least 60 days, with a commensurate extension of all pretrial deadlines. In support thereof, Defendant would show the Court the following:

(1)  The indictment in this case was returned October 15, 2020. Pursuant to this Court's Order Granting Unopposed Motion to Continue entered April 6, 2021, (ECF No. 23), trial in this matter is scheduled to begin August 16, 2021.

(2) In Count One of the Indictment (doc. 12), Defendant is accused of participating in a far-ranging conspiracy with unnamed "others," alleged to have begun "in or before 2017" and continuing until "in or around 2019," in the Northern District of Texas "and elsewhere" to possess with intent to distribute and to distribute a mixture and substance containing fentanyl, a Schedule II controlled substance. In Count Two, Defendant is accused of one specific alleged delivery of fentanyl to a single specified person on a single specified date in the Fort Worth Division of the Northern District of Texas and it is further alleged the use of the specific delivered substance resulted in death and serious bodily injury to T.S.

(3) The Government has produced voluminous discovery to undersigned counsel including:

    (a) an external computer hard drive containing approximately 185 GB of digital email archive files;

(b) a second external computer hard drive containing approximately 7,800 separate digital files[1] including law enforcement reports, expert reports, bank records, online financial payment service records, online auction records, extensive phone records from mobile phone service providers, forensic analysis of actual phones obtained during the investigation, extensive iCloud records, travel records, and other records concerning several individuals obtained via grand jury subpoena and/or Court Order or warrant;

(c) additional documentary discovery, totaling approximately 100 pages of written documents and 100 photographs, made available electronically;

(d) an additional approximately 44 written documents totaling approximately 378 pages made available for review and note-taking at the United States Attorney's Office, but not allowed to be copied; and,

---

[1] These 7,800 digital files include more than 24,000 pages of written documents along with Cellebrite data files, more than 300 .csv files, and more than 80 .xls./xlsx files. All told, these digital files contain hundreds of thousands of lines of data to be analyzed.

(e) a USB drive delivered to undersigned counsel on July 21, 2021, containing approximately 50 digital files containing documentary reports and evidence as well as several .csv/.xls/.xlsx files containing thousands of lines of communications and iCloud data and a 52GB Cellebrite data file containing iCloud information related to a person of interest to the investigation.

(4) Other than the contents of the USB drive delivered on July 21, 2021, undersigned counsel have made substantial headway in the process of reviewing the voluminous discovery provided by the Government. Undersigned counsel, along with several non-lawyer staff and one associate attorney, have fully reviewed the vast majority of the written documentary discovery provided. They have also preliminarily reviewed the numerous Cellebrite, .csv, .xls, and .xlsx files previously provided in an attempt to analyze the voluminous data contained therein.

(5) From reviewing various investigative reports provided by the Government in discovery, it is clear Government agents have mined the voluminous financial and communication data and

identified certain portions they believe to be relevant to the allegations in the Indictment.

(6) From their review of discovery provided to date, undersigned counsel have identified at least three, if not more, persons who could be argued to be un-indicted co-conspirators in Count One. For purposes of defending the allegations in Count One, it is necessary for undersigned counsel to thoroughly review and analyze the communications, travel, and financial data contained in the numerous Cellebrite, .csv, .xls, and .xlsx files provided in an attempt to put information the Government has identified as relevant into context as well as to search for additional data demonstrating connections, or lack thereof, between the persons who could potentially be part of the alleged conspiracy.

(7) With regard to Count Two, it is necessary for undersigned counsel, to thoroughly review and analyze the communications and financial data contained in the numerous Cellebrite, .csv, .xls, and .xlsx files provided in an attempt to identify other potential sources of supply for the fentanyl

alleged to have caused the death of T.S. Again, the Government has identified specific portions of this voluminous data they believe to be relevant, but undersigned counsel are required to conduct an independent and thorough analysis of the data instead of simply accepting the Government's analysis.

(8) In addition to reviewing and analyzing the voluminous data themselves, undersigned counsel have determined it is necessary to retain an independent expert in the field of forensic review of computers and mobile devices who has experience working with Cellebrite to analyze the Cellebrite data provided[2] and answer certain specific questions undersigned counsel have been unable to answer based on their review of said data to date. Undersigned counsel anticipate having such an expert retained in the next few days, but are not sure how long it will take for the necessary review to be conducted.

(9) Also with regard to Count Two, undersigned counsel believe there is a substantial issue of fact as to whether T.S.'s death

---

[2] As noted above, the Government provided additional Cellebrite data to undersigned counsel on July 21, 2021.

would not have occurred "but for"[3] ingesting the specific substance allegedly delivered by Defendant on the date in question.

(10) In relation to the causation issue, the Government has produced what appear to be complete copies of all Tarrant County Medical Examiner's Office (hereinafter "TCME") records concerning the autopsy performed on T.S. as well as the toxicology testing performed on biological samples allegedly obtained as part of that autopsy.

(11) Independent of discovery provided by the Government, undersigned counsel have become aware of significant issues concerning the competency and veracity of a person intimately involved in the TCME actions in this case. Undersigned counsel are still conducting an independent investigation into these issues, including consulting with one already retained expert, and do not believe they will be able to finish fully investigating these matters prior to the current trial date. Undersigned counsel assume the Government is not in possession of any exculpatory information concerning this

---

[3] *See, e.g., Burrage v. United States*, 471 U.S. 204, 216-19 (2014).

person as there have been no *Brady* disclosures related to him/her. Undersigned counsel believe it is possible the issues surrounding the person in question from the TCME's Office could impact the analysis of Defendant's independent potential testifying experts. Until undersigned counsel have completed their independent investigation concerning these issues, they are unable to make informed and intelligent decisions concerning which potential expert(s) to designate to possibly testify.

(12) In sum, undersigned counsel believe they will require an additional approximately 60 days to adequately review discovery, conduct an independent investigation, and otherwise prepare for trial in this matter.

(13) Defendant respectfully submits the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Denial of the requested continuance will almost assuredly result in a miscarriage of justice because undersigned counsel are unable to fully review and analyze the discovery produced by the Government and also conduct

necessary independent investigation into matters raised in the discovery under the current schedule. *See* 18 U.S.C. § 3161(h)(7)(B)(i). As such, undersigned counsel require additional time of effective preparation of this matter for trial taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

(14) This request is not made for purposes of delay, rather, it is made in the interests of justice.

(15) The parties of have identified the following potential conflicts for trial over the period from the date of the filing of this motion through 90 days after the current trial date of August 16, 2021:

    (A) Undersigned counsel Michael Molfetta has the following conflicts through the week of November 15, 2021:

        1. Currently scheduled for jury trial to begin August 24, 2021, in *People v. Jose Luisvallad Trujillo*, cause number 18CF0257, pending in the Superior Court of Orange County, California. Trujillo is charged with five counts, the most

serious of which being attempted murder, alleged to have occurred on January 12, 2018. Trujillo is in custody and his trial has been continued over his objection for more than a year because of the COVID epidemic. Undersigned counsel Molfetta believes there is a realistic chance this case will go to trial as scheduled.

2. Currently scheduled for jury trial to begin September 13, 2021, in two matters both pending in the Superior Court of Orange County, California: *People v. Jordan Adrian Salkin*, cause number 17HF0594, and *People v. Alexis Ascencion*, cause number 17CF3252. Salkin is accused of two counts, the most serious of which being attempted murder, alleged to have occurred on May 7, 2017. Ascencion is accused of two counts, the most serious of which being murder, alleged to have occurred on December 1, 2017. Trujillo is in custody and his trial has been

      continued over his objection for more than a year because of the COVID epidemic. Salkin is not in custody. Undersigned counsel believes it is likely either the Ascencion or Salkin case will go to trial beginning September 13, 2021, and it is possible whichever one is not tried on that date will be tried immediately thereafter.

(B)  Undersigned counsel Wm. Reagan Wynn has no conflicts through the week of November 15, 2021.

(C)  Counsel for the Government are unavailable the week of October 24, 2021.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Eric Prescott Kay (01) respectfully prays the current trial date of August 16, 2021, be continued for a period of at least sixty (60) days and the associated pretrial deadlines be extended for a corresponding period of time.

    Respectfully Submitted,

    /s/ Michael A. Molfetta
    Michael A. Molfetta
    California Bar Number: 151992
    Molfetta Law
    3070 Bristol Street, Suite 580

>Costa Mesa, California 92626
>Telephone: (949) 391-2399
>michael@michaelmolfettalaw.com
>
>*/s/ Wm. Reagan Wynn*
>Wm. Reagan Wynn
>Texas State Bar Number:  00797708
>Reagan Wynn Law, PLLC
>5049 Edwards Ranch Rd, Floor 4
>Fort Worth, Texas  76109
>Telephone: (817) 900-6800
>rw@reaganwynn.law
>
>***ATTORNEYS FOR ERIC PRESCOTT KAY***

### ***CERTIFICATE OF CONFERENCE***

I hereby certify that on July 16, 2021, conference was held with Assistant United States Attorneys Lindsey Beran and Errin Martin and the Government is OPPOSED to the granting of the relief requested in this Motion.

>*/s/ Wm. Reagan Wynn*
>WM. REAGAN WYNN

### ***CERTIFICATE OF SERVICE***

I hereby certify that on July 21, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, thereby effecting service on attorneys of record.

>*/s/ Wm. Reagan Wynn*
>WM. REAGAN WYNN