IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC PRESCOTT KAY | NO. 4:20-CR-269-Y |

## RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL DEADLINES

The United States of America, by and through the undersigned Assistant United States Attorney, files this response to the defendant's Motion to Continue Trial and Extend Pretrial Deadlines. (Dkt. 27.) For the reasons cited below, the government submits that the defendant's motion should be denied.

## PROCEDURAL HISTORY

1. A sealed complaint and arrest warrant were issued against Defendant Eric Kay in this matter on July 30, 2020, and the defendant made his initial appearance on August 7, 2020.

2. The parties filed joint motions to extend the time to indict, and on October 15, 2020, an indictment was returned against defendant Eric Kay. (Dkt. 12.) The indictment charges Kay with one count of conspiracy to distribute a controlled substance and one count of possession with intent to distribute and distribution of a controlled substance, resulting in death. (Dkt. 12.)

3. On October 27, 2020, Kay filed a waiver of arraignment and entered a plea of "not guilty" to each count charged. (Dkt. 15.) The Court originally set this matter for

trial on December 14, 2020 (Dkt. 16), but on November 5, 2020, the parties filed a joint motion to continue the trial date and all accompanying pretrial deadlines (Dkt. 17), which the Court granted (Dkt. 18).  Trial was then set in this matter for April 19, 2021.

4. On November 19, 2020, the government provided a proposed protective order to counsel for the defendant, so that discovery could be provided pursuant to a protective order and requested hard drives for discovery.

5. On December 22, 2020, the government followed up with counsel for the defendant about the proposed protective order and requested hard drives for discovery.

6. On January 4, 2021, the government followed up with counsel for the defendant about the proposed protective order and requested hard drives for discovery.

7. On January 14, 2021, the government followed up with counsel for the defendant, who then notified the government that it would agree to the protective order, and the government filed its unopposed motion for protective order.  (Dkt. 19.)

8. On January 28, 2021, the Court granted the government's unopposed motion for a protective order.  (Dkt. 21.)

9. On February 2, 2021, the government provided an external hard drive containing discovery to counsel for the defendant.[1]

10. On February 12, 2021, the government provided another round of discovery to counsel for defendant, which includes the bulk of the discovery in this case.  And at

---

[1] This is the hard drive referenced in paragraph 3(a) of defendant's motion to continue.

that time the Do Not Release (DNR) material was made available at the United States Attorney's Office for defense counsel to review.

11. On March 25, 2021, the government provided discovery received from federal law enforcement in California.[2]

12. On March 26, 2021, the defendant filed an unopposed motion to continue the trial and to extend pretrial deadlines. (Dkt. 22).

13. On April 6, 2021, the Court granted the motion and scheduled trial for August 16, 2021. (Dkt. 23).

14. On May 26, 2021, the government provided a small amount discovery, consisting primarily of reports from California and supplemental discovery and photos received from the Tarrant County Medical Examiner's Office (TCME).

15. On July 12 and 13, 2021, counsel for the defendant reviewed the DNR material (which was available beginning in February 2021) at the United States Attorney's Office.[3] Local counsel for the defendant was able to review the DNR material and take notes on that material in less than two total business days.[4]

16. On July 21, 2021, the government provided additional discovery, including discovery obtained from law enforcement in California, a 911 audio recording, supplemental notes from TCME, targeted iCloud records (the results for the entire iCloud

---

[2] At that time a small number of reports from the California production were added to the DNR materials available for review at the United States Attorney's Office.

[3] After making the DNR material available to counsel for the defendant in February 2021, the government repeatedly urged counsel for the defendant to review the DNR material.

[4] On July 12, 2021, local counsel for the defendant did have an additional member of his staff assisting in reviewing the DNR material.

**Response to Defendant's Motion to Continue – Page 3**

were originally provided to the defendant in February 2021), and a download of a phone for which the government had recently obtained a search warrant. The government also pulled out items that it believed to be relevant to this case from the phone and provided them to counsel for the defendant in a separate report. The government also notified counsel for the defendant that it believed the remainder of the phone largely consisted of photos unrelated to this case.[5]

17. On July 21, 2021, the defendant filed the instant opposed motion to continue the trial and extend the pretrial deadlines. (Dkt. 27.)

18. The defendant also argues as part of his motion to continue that counsel is investigating issues related to a person affiliated with TCME that is intimately involved in the TCME actions in this case.[6] (Dkt. 27 at ¶11).

19. Pursuant to 18 U.S.C. § 3161(h)(7)(B), the relevant "factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph" include the following:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the

---

[5] This is the discovery material referred to in paragraph 3(e) of defendant's motion to continue.

[6] Counsel for the defendant also raises in his motion whether *Brady* disclosures have been made by the government with respect to this issue. On July 22, 2021, the government relayed to local counsel for the defendant that it was in contact with the Tarrant County District Attorney's Office in attempts to obtain a copy of any review or audit conducted by TCME. Local counsel for the defendant acknowledged that he had been able to review a preliminary and unofficial copy of a report related to this matter prepared by the TCME. Additionally, the government received a final copy of the report on July 22, 2021, at approximately 10:00 a.m., and a copy of that report is being provided to counsel for the defendant.

existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) [inapplicable].

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

20. A continuance in this case is obviously within the Court's discretion after considering the facts of the case, the above identified factors, and any other factor the Court considers relevant.

21. The government opposes the defendant's motion in light of the nature of the case (including facts, charges, etc.), the amount of time the case has been set for trial, and victim considerations. Further, as set out above, the government has been diligent in providing discovery to counsel for the defendant and in continuing to fulfill its obligations under Rule 16. While the government understands that some scheduling issues may have delayed review of the discovery, it does not mean that the government did not timely provide the discovery.

22. In light of the fact that it appears the defendant merely needs additional time to review discovery, the bulk of which has been in its possession or available for review since February 2021, the government believes this is not a basis for a continuance,

especially in light of the amount of time that has passed since indictment of this matter and the victim considerations in this matter.

23.     If, however, the Court determines based upon the facts of this case, and the various factors it is required to consider, that a continuance in this case is necessary because a failure to grant such might result in a miscarriage of justice, the government requests that the trial for this matter be set to begin on October 4, 2021 or October 12, 2021.[7] Further, the government asks that the trial not be scheduled during the time periods referenced in Defendant's Motion to Continue.

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to continue and order that the trial commence on August 16, 2021, as previously scheduled.

Respectfully submitted,

PRERAK SHAH
Acting United States Attorney

*s/ Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600

---

[7] If the Court is unable to set the case for trial in October 2021, the government would request that it be set for trial before January 31, 2022, due to scheduling issues for a large number of potential witnesses who will have significant scheduling conflicts beginning in February 2022.

**Response to Defendant's Motion to Continue – Page 6**