IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL NO. 4:20-CR-269-Y |
| v. | |
| ERIC KAY | |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AND AMENDED DESIGNATION OF
WITNESSES PURSUANT TO FEDERAL RULE OF EVIDENCE 702**

The United States of America ("the government"), for reasons explained below, respectfully moves this Court for leave to file a supplemental and amended designation of witnesses pursuant to Federal Rule of Evidence 702.

This case is currently set for trial on October 4, 2021.  The matter was originally set for trial on December 14, 2020 (Dkt. 16), but was continued to April 19, 2021, with the government's expert designations due on January 15, 2021 (Dkt. 18).  The government timely filed its initial designations of expert witnesses on January 15, 2021, and designated several potential expert witnesses (Dkt. 21).  The defendant then moved to continue the case, which was granted, and the case was set for trial on August 16, 2021 (Dkt. 23).  The defendant again moved to continue the case, which this Court granted in part, setting the trial for October 4, 2021, and continuing the deadline for pretrial motions to August 20, 2021 (Dkt. 30.)

In its initial expert disclosures, the government designated several witnesses.  The volume of potential expert witnesses was due, in part, to an uncertainty as to what the defendant would be willing to stipulate to regarding certain exhibits.  Accordingly, out of

an abundance of caution, the government designated several individuals who would have substantially similar testimony but that pursuant to the Sixth Amendment's confrontation clause and under *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), the defendant could argue he has a right to confront, or cross-examine, at trial.  The government now moves to amend certain expert disclosures and supplement its initial disclosures as detailed below.

1.    Amended Designations

In its initial designations, the government identified several witnesses by title and topic of testimony.  *See* Dkt. 21 at ¶¶ I(N); III(C).  The government has since determined the names of these individuals, and the amended designations include their names.  *See* Exhibit A, ¶¶ I(N), (O), (P); III(C).  The government also amended the initial designations to note changes in employment for two witnesses, *see* Ex. A., ¶¶ I(C); III(B), and to add one area of testimony for newly-performed analyses by previously-designated witness Angela DeTuello, *see id.* at ¶ I(J),[1] and further specify the numbers and records analyzed by Mark Sedwick, *see id.* at ¶ III(A).

2.    Supplemental Designations

The government also supplemented its designations with five additional witnesses. The government designated two witnesses who performed fingerprint analyses on Hilton hotel room key cards,[2] a cardiologist who examined the medical records and autopsy of Tyler Skaggs,[3] a medical examiner with Tarrant County Medical Examiner's Office, and a

---

[1] Ms. DeTuello performed an additional analysis, which the government received on July 16, 2021, and provided to defendant on July 20, 2021 (GOV_00027007).

[2] The reports related to the fingerprint analyses of the Hilton hotel room key cards were provided to the defendant in February 2021 (GOV_00013902) and July 20, 2021 (GOV_00025576).

[3] The curriculum vitae of the cardiologist (Richard Luceri) was provided to the defendant on July 20,

forensic analyst with the Drug Enforcement Agency who extracted raw Apple iCloud data received from Apple in response to certain search warrants and transferred it into a usable format, which were provided to the defendant.

3.   <u>The defendant was provided notice of the above witnesses and will not be prejudiced by the amended and supplemental designations.</u>

As detailed above, the defendant was provided notice of many of the supplemental expert witnesses designated by the government, either via the reports or data produced in discovery or by the curriculum vitae produced by the government.  With respect to the additional medical examiner, the defendant has been in communication with the government regarding one of the government's designated witnesses that the defense contends has "significant issues" concerning his "competency and veracity" and who was "intimately involved in the TCME actions in this case."  Dkt. 27, ¶ 11.  While the government disagrees with the defendant's assertions regarding the witnesses "competency and veracity," the government became aware of these potential issues in March 2021, when they became known to the general public, after the initial designations were due and first spoke to defense counsel about their position regarding this witness in July 2021.  For all of these reasons, the defense has had knowledge of these witnesses and general areas of testimony and will not be prejudiced by these designations.

Moreover, the government notified defense counsel of its intention to file amended and supplemental witnesses in at least one conversation the week of July 12, 2021.  The government has since asked defense counsel for the defendant's position on this motion

---

2021 (GOV_00025618-29).

for leave to file amended and supplemental expert designations on three occasions—
August 6, August 10, and August 16, 2021.[4]  To date, the government has received no
response.

For all of the above reasons, the government requests that the Court grant its motion
for leave to file a supplemental and amended designation of witnesses pursuant to Federal
Rule of Evidence 702 and order the Clerk to file the proposed supplemental and amended
designations attached hereto as Exhibit A.

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*/s Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
Texas Bar No. 24051767
ERRIN MARTIN
Assistant United States Attorney
Texas Bar No. 24032572
JONATHAN BRADSHAW
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8812

---

[4] On a phone call between the government and defense counsel on August 6, 2021, the government
previewed the amended and supplemental designation filing for defense counsel.

<u>CERTIFICATE OF CONFERENCE</u>

I certify that on August 6, August 10, and August 16, the government asked Reagan Wynn and Michael Molfetta, attorneys for Eric Kay, whether they opposed the relief sought in this motion and to date have received no response or position from the defendant.


*s/ Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
