IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-269-Y |
| | § | |
| ERIC PRESCOTT KAY (01) | § | |

### *DEFENDANT'S MOTION FOR COURT TO SUBMIT WRITTEN QUESTIONNAIRE TO POTENTIAL JURORS*

TO THE HONORABLE TERRY R. MEANS
SENIOR UNITED STATES DISTRICT JUDGE FOR THE
NORTHERN DISTRICT OF TEXAS

COMES NOW, **ERIC PRESCOTT KAY (1)**, Defendant, by and through his attorneys of record, MICHAEL A. MOLFETTA and WM. REAGAN WYNN, and respectfully requests this Court submit a written jury questionnaire to the jury venire members in this case. In support therefor, Defendant would show the the following:

(1)    Rule 24 of the Federal Rules of Criminal Procedure grants the trial court broad discretion in the conduct of jury selection to ensure "the essential demands of fairness." *United States v. Apodaca*, 666 F.2d 89, 94 (5th Cir.), *cert. denied*, 459 U.S. 823 (1982). Rule 24 also gives this Court the discretion to establish jury selection procedures "for reasons of economy of time."

*United States v. Corey*, 625 F.2d 704, 707 (5th Cir. 1980), *cert. denied*, 450 U.S. 925 (1981). The use of a jury questionnaire in jury selection has the salutary effect of achieving both of these goals.

(2)    The use of a jury questionnaire streamlines questioning because it elicits demographic and background data quickly, effectively, and privately. Obtaining this information in writing allows the Court and counsel to focus verbal questioning on important issues of bias and also avoids repetitive lines of inquiry. Indeed, modern trial practice recognizes a written questionnaire can significantly reduce the amount of court time required for the jury selection process. *See*, *e.g.*, Barbara A. Babcock, *Voir Dire: Preserving "Its Wonderful Power,"* 27 STAN. L. REV. 545, 563-64 & n.70 (1975) ("A sworn questionnaire . . . might gather from jurors answers to basic questions about themselves with face-to-face inquiry reduced to certain key issues on which the reactions of the individual and observation of her or his manner are important. . . . A more extensive questionnaire would be more revealing and would concomitantly reduce the need for extended fact-to-

face questioning. . . . Face-to-face questioning would then be reserved for the issues on which probing is necessary, such as prejudice against the litigant or bias arising from the facts of the particular case.").[1] Further, a questionnaire is an efficient and economical tool for gaining information critical to the meaningful exercise of peremptory challenges by counsel for all parties concerning potential individual jurors' general views, likes and dislikes, and relevant personality traits.

(3)   The use of a jury questionnaire also assists in ensuring fairness by giving jurors a more private forum in which to express their true feelings about sensitive topics or personal experiences that might influence their service on a jury. *See, e.g.*, Valerie P. Hans & Alayna Jehle, *Avoid Bald Men and People with Green Socks? Other Ways to Improve the Voir*

---

[1] *See also, e.g.*, C.J. Williams, *To Tell You the Truth, Federal Rule of Criminal Procedure 24(a) Should Be Amended to Permit Attorneys to Conduct Voir Dire of Prospective Jurors*, 67 S.C. L. Rᴇᴠ. 35, 55 (2015) ("Written questionnaires can be an efficient and effective way to get non-case-specific, basic information about prospective jurors."); Valerie P. Hans & Alayna Jehle, *Avoid Bald Men and People with Green Socks? Other Ways to Improve the Voir Dire Process in Jury Selection*, 78 Cʜɪ.-Kᴇɴᴛ L. Rᴇᴠ. 1179, 1198 (2003) ("Questionnaires are efficient in that they can quickly pinpoint for the court and the attorneys the specific areas that require individual follow-up questioning.).

*Dire Process in Jury Selection*, 78 CHI.-KENT L. REV. 1179, 1198 (2003) ("The private nature of the questionnaire can be a relatively comfortable way to reveal sensitive material that might arise in criminal and civil cases, such as past crime victimization or medical experiences. It also encourages completeness, as prospective jurors have more time to contemplate their answers than they would if they answered them orally.").

(4)  Undersigned counsel have prepared a proposed Jury Questionnaire for use in this case and submitted it to counsel for the Government for review and suggested changes. Based on consultation with counsel for the Government, undersigned counsel believes an agreed questionnaire can be produced that will assure the potential jurors all information they provide is confidential, elicit any and all relevant information concerning the potential jurors' knowledge of this case, personal history and/or feelings about serving on a jury, identify any potential jurors who might have personal experiences or strong feelings that could influence their jury service, and finally provide some general biographical and

personality information about the potential jurors that counsel for both Defendant and the Government can consider in determining how to utilize their peremptory challenges. Finally, undersigned counsel anticipates an agreed questionnaire can be produced which will fit on one page so that copying the originals will not require an inordinate amount of time and effort and will also be short enough that the vast majority of jurors should be able to complete it in 15-20 minutes.

(5)   Undersigned counsel anticipates Defendant can submit a proposed agreed written jury questionnaire with any un-agreed requested questions from both the Defendant and the Government to the Court within ten (10) days.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Eric Prescott Kay (01) respectfully prays this Court submit a written questionnaire acceptable to the Court covering relevant topics to all potential jurors at an appropriate point prior to the beginning of oral jury selection proceedings in this cause.

Respectfully Submitted,

/s/ Michael A. Molfetta
Michael A. Molfetta

California Bar Number: 151992
Molfetta Law
3070 Bristol Street, Suite 580
Costa Mesa, California 92626
Telephone: (949) 391-2399
michael@michaelmolfettalaw.com

*/s/ Wm. Reagan Wynn*
Wm. Reagan Wynn
Texas State Bar Number:  00797708
Reagan Wynn Law, PLLC
5049 Edwards Ranch Rd, Floor 4
Fort Worth, Texas  76109
Telephone: (817) 900-6800
rw@reaganwynn.law

**ATTORNEYS FOR ERIC PRESCOTT KAY**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August, 2021, conference was held with Assistant United States Attorney Errin Martin. She stated the Government is NOT OPPOSED to the Court submitting a written questionnaire to the potential jurors, but the Government does want input into the information requested on the written questionnaire. AUSA Martin agreed to review the proposed questionnaire submitted by undersigned counsel and collaborate on changes, deletions, and additions.

*/s/ Wm. Reagan Wynn*
WM. REAGAN WYNN

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, thereby effecting service on attorneys of record.

*/s/ Wm. Reagan Wynn*
WM. REAGAN WYNN