IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC PRESCOTT KAY | No.   4:20-CR-269-Y |

**ANGELS BASEBALL LP'S OPPOSITION TO GOVERNMENT'S REQUEST FOR EXPEDITED BRIEFING REGARDING GOVERNMENT'S MOTION TO COMPEL AND AUGUST 30 DEADLINE TO COMPLY**

Angels Baseball LP ("Angels Baseball") submits the following opposition to the Government's request in its Motion to Compel (ECF No. 37) (the "Motion") for an expedited briefing schedule and order that Angels Baseball produce documents by August 30 (the same day the Government requests a ruling from the Court). Angels Baseball will file a full opposition to the Motion itself following the Court's setting of a briefing schedule.

**I.   ANGELS BASEBALL HAS COOPERATED WITH THE GOVERNMENT'S INVESTIGATION—EXCEPT WHEN ASKED TO PRODUCE PRIVILEGED INFORMATION**

Since 2019, Angels Baseball has made every effort to cooperate with the government's investigation into the death of T.S. It has produced thousands of pages of documents and an entire computer hard drive to the government in response to at least five subpoenas and requests for information, and at times has volunteered documents that it believed the government would find relevant. Angels Baseball also has responded orally to requests for information from the government, and has facilitated the interviews of numerous of its employees, sometimes on short notice.

As to the subpoena at issue in the Motion—initially served with a return date on the previously-set trial date of August 16, 2021—Angels Baseball's attorneys voluntarily accepted

service of that subpoena via email, had at least two telephone calls with the Government to meet and confer about the subpoena and Angels Baseball's concerns that it sought privileged information, and sent a letter setting out those objections in detail on August 4, 2021. Unable to reach agreement, Angels Baseball then produced the non-privileged responsive documents, together with a privilege log, on the date the parties agreed it would respond (two days after the original return date).

In short, Angels Baseball has always met and conferred in good faith, responded in accordance with agreed upon deadlines (and often well in advance of those deadlines), and produced what was requested. The only documents Angels Baseball has refused to produce are those protected by the attorney-client privilege and work product protections, including those relating to its internal investigation arising out of T.S.'s death. That position is supported by decades of binding precedent.

The government nonetheless filed its Motion to Compel, and asks this Court to set an expedited briefing schedule, issue a ruling within days, and order production on the same day the government is asking the Court to rule. [Motion at 19]. There is no reason to rush this matter. The trial in this case is six weeks away. The issues raised in the Government's motion implicate the most sacrosanct privileges under the law. Angels Baseball should have sufficient time to address the Government's positions, and the Court should have sufficient time to consider the matter. This Court should allow Angels Baseball ten days to file an opposition (still far less than normally allowed under the Local Rules), so that the issues in the motion can be decided with the benefit of full briefing.[1]

---

[1] The Government did not raise with counsel that it intended to seek expedited briefing during the Conference required by Local Criminal Rule 47.1.

## II. THE MOTION GIVES RISE TO IMPORTANT ATTORNEY-CLIENT AND WORK PRODUCT PROTECTION CONCERNS

The Supreme Court recognized decades ago that "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law" that protects individuals while "promot[ing] broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also In re Itron, Incorporated*, 883 F.3d 553, 561-562 (5th Cir. 2018) ("Attorney/client documents may be quite helpful to an adversary's argument, but this is not a sufficient basis for abrogating the privilege."). There is a similarly "strong public policy" protecting attorney work product, and the production of internal investigation documents is strongly disfavored since they "tend[] to reveal the attorney's mental processes" that are subject to unqualified protection from disclosure. *Id.* at 399. These protections against disclosure require that subpoenas seeking the production of such materials be quashed as "unreasonable and oppressive under Rule 17(c)(2)." *United States v. Hoeffner*, 254 F.R.D. 302, 307-308 (S.D. Tex. 2008). Indeed, as the Supreme Court stated in *Upjohn* when rejecting a very similar government subpoena for materials constituting an internal investigation:

> While it would be more convenient for the Government to secure the results of petitioner's internal investigation by simply subpoenaing the . . . notes taken by petitioner's attorneys, such considerations of convenience do not overcome the policies served by the attorney-client privilege.

*Upjohn*, 449 U.S. at 396.

It is undisputed that Angels Baseball conducted an internal investigation and that its communications with its attorneys, and those attorneys' work product, are protected from disclosure. The Government raises various arguments for why it should nonetheless be granted access to that information, and should be informed of the documents counsel chose to review and

witnesses counsel chose to interview, which will take time to address. Given the importance of the privilege and protections at issue, Angels Baseball should be given a fair opportunity to address the Motion on its merits.[2]

### III. THE GOVERNMENT WILL NOT BE PREJUDICED BY ANGELS BASEBALL HAVING A FULL WEEK TO RESPOND

There is no need for an expedited briefing schedule here, and the Government has not identified one. Trial in this proceeding is set for October 4, 2021—six weeks from now. There is ample time for a briefing schedule that allows Angels Baseball to file an opposition to the Motion in ten days. In fact, when the Government first issued the subpoena, trial was scheduled to begin on August 16—the same date Angels Baseball's response was due.[3] The Government has not, and cannot, explain why the subpoena must now be resolved weeks ahead of trial when it previously sought to receive the documents the same day trial was to begin.

Moreover, it is the Government that has delayed the resolution of the subpoena, not Angels Baseball. Although the Government began its investigation into T.S.'s death more than two years ago, knew that Angels Baseball was conducting an internal investigation since at least February 2020, and filed its Complaint against Eric Kay on July 30, 2020, it did not issue the subpoena at issue until July 19, 2021. As set out above, Angels Baseball diligently responded to the subpoena, including by accepting service and engaging in good faith meet and confers regarding its objections. It then produced documents on the agreed date. While the Government may take issue

---

[2]   In an unfortunate coincidence, the Government's subpoena was served barely one month after T.S.'s family filed multiple lawsuits against Angels Baseball and others. Counsel for the family has indicated that they too will seek access to Angels Baseball's privileged documents. The potential that the Court's finding here will implicate at least two other pending matters counsels for proceeding with deliberation rather than haste.

[3]   The trial was continued to October 4, 2021 on July 28, 2021. [ECF No. 30].

with Angels Baseball's production, the Government's delay in issuing the subpoena does not justify denying Angels Baseball a proper opportunity to challenge it.

Finally, as counsel informed the Government, Angels Baseball's counsel who conducted the internal investigation at issue, is currently in trial and will be likely through the end of this week. His input on the opposition to the Motion will be critical. Angels Baseball should not be deprived of the benefit of his counsel simply because the Government would prefer to resolve this issue sooner rather than later.

## IV.   CONCLUSION

For the reasons set forth above, Angels Baseball respectfully requests that it be given ten days to oppose the Motion, and that no further order be issued, other than scheduling, until the Court has the benefit of both parties' positions.

                                              Respectfully Submitted,

| | |
|---|---|
| Ariel A. Neuman<br>aneuman@birdmarella.com<br>*Pro hac vice* application forthcoming<br>Nicole R. Van Dyk<br>nvandyk@birdmarella.com<br>*Pro hac vice* application forthcoming<br>Oliver Rocos<br>orocos@birdmarella.com<br>*Pro hac vice* application forthcoming<br>Naomi S. Solomon<br>nsolomon@birdmarella.com<br>*Pro hac vice* application forthcoming<br>**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br>Facsimile:  (310) 201-2110 | */s/ John H. Cayce*<br>John H. Cayce<br>State Bar No. 04035650<br>john.cayce@kellyhart.com<br>Ryan M. Roper<br>State Bar No. 24098347<br>ryan.roper@kellyhart.com<br>**KELLY HART & HALLMAN LLP**<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>Telephone: (817) 332-2500<br>Facsimile: (817) 878-9280<br><br>Philip H. Hilder<br>State Bar No. 09620050<br>philip@hilderlaw.com<br>Q. Tate Williams<br>State Bar No. 24013760<br>tate@hilderlaw.com<br>Stephanie K. McGuire<br>State Bar No. 11100520<br>stephanie@hilderlaw.com<br>**HILDER & ASSOCIATES, P.C.**<br>819 Lovett Blvd.<br>Houston, Texas 77006<br>Telephone: (713) 655-9111<br>Facsimile: (713) 655-9112 |

        **ATTORNEYS FOR ANGELS BASEBALL, LP, MORENO BASEBALL, LP, MORENO BASEBALL COMPANIES, INC.**

## CERTIFICATE OF SERVICE

      I certify that on August 24, 2021, I filed this notice with the clerk of court for the U.S. District Court, Northern District of Texas through the electronic filing system which will generate service to all counsel of record.

                                          */s/ John H. Cayce*
                                          John H. Cayce