IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC PRESCOTT KAY | No.   4:20-CR-269-Y |

**ANGELS BASEBALL LP'S REQUEST TO UNSEAL ORDER DENYING MOTION TO COMPEL PRODUCTION (ECF NO. 67) OR ISSUE REDACTED VERSION**

Ariel A. Neuman
*Admitted Pro Hac Vice*
aneuman@birdmarella.com
Nicole R. Van Dyk
*Admitted Pro Hac Vice*
nvandyk@birdmarella.com
Oliver Rocos
*Admitted Pro Hac Vice*
orocos@birdmarella.com
Naomi S. Solomon
*Admitted Pro Hac Vice*
nsolomon@birdmarella.com
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

John H. Cayce
State Bar No. 04035650
john.cayce@kellyhart.com
Ryan M. Roper
State Bar No. 24098347
ryan.roper@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

Philip H. Hilder
State Bar No. 09620050
philip@hilderlaw.com
Q. Tate Williams
State Bar No. 24013760
tate@hilderlaw.com
Stephanie K. McGuire
State Bar No. 11100520
stephanie@hilderlaw.com
**HILDER & ASSOCIATES, P.C.**
819 Lovett Blvd.
Houston, Texas 77006
Telephone: (713) 655-9111
Facsimile: (713) 655-9112

**ATTORNEYS FOR ANGELS BASEBALL, LP**

## I.   INTRODUCTION

On October 7, 2021, this Court issued a Sealed Order Denying Motion to Compel Production (ECF No. 67) (the "Order"), that denied the government's Motion to Compel Production of Materials and Information Demanded By Subpoena (ECF No. 37).[1] Although the Order does not state why it was filed under seal, Angels Baseball L.P. ("Angels Baseball") understands it is because the Order quotes from two of the parties' prior filings that were themselves filed under seal. As discussed below, however, the quoted information was publicly disclosed in the parties' other filings related to the Motion to Compel.[2]

Angels Baseball respectfully requests that the Court unseal the Order both because it does not contain any non-public information and because of the high degree of public interest in this matter, which was generated in large part by the government's claims about Angels Baseball in its filings. The government opposes this request.

## II.   LEGAL STANDARD

"The public's right of access to judicial records is a fundamental element of the rule of law." *Binh Hoa Le v. Exeter Fin. Corp., et al.*, 990 F.3d 410, 417 (5th Cir. 2021). While a district court has supervisory authority over its records, and retains discretion to seal judicial records, "a court must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. For Relief and Dev.*, 624 F.3d 685, 689 (5th Cir. 2010); *see also Binh Hoa Le*, 990 F.3d at 418 ("courts should be ungenerous with their discretion to seal

---

[1]   Because the Order is under seal, and due to an apparent docketing or notification error, Angels Baseball only learned of and received a copy of the Order on October 13, 2021.

[2]   The Motion and Angels Baseball's Opposition were both publicly filed. (ECF Nos. 37 and 58.) The majority of the other filings in connection with the Motion, such as the parties' briefs regarding the government's request for expedited relief, were also publicly filed. (*See, e.g.*, ECF Nos. 39-41, 44.) The only filings submitted under seal in connection with the Motion were declarations that contained supporting evidence (ECF Nos. 38, 59) and those that required Court approval in order to be filed at all (ECF Nos. 60 and 61).

judicial records" in light of the "presumption in favor of the public's access to judicial records");

*Fed. Sav. & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir. 1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily ...."). Permitting open access to judicial records "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (alterations omitted) (citing *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)).

### III.   ARGUMENT

#### A.   The Order Does Not Include Any Non-Public Information

The Order references two sealed documents, but the quotes from those documents contain information that is otherwise publicly available through the parties' other filings. Unsealing the Order would not therefore compromise the original rationales that justified sealing other filings in connection with the Motion.

On page 1, the Order quotes from ECF No. 46, which was filed under seal. However, the information quoted in the Order is the text of the subpoena, and the exact same text was repeated in at least two documents that were publicly filed: the government's Motion to Compel (ECF No. 37 at 2 (quoting the full text of the subpoena)), and Angels Baseball's Opposition (ECF No. 58 at 6 (same)). Accordingly, the quoted information is already a matter of public record.

On page 4, the Order quotes from ECF No. 59, a declaration which was filed under seal. However, the information quoted from that declaration in the Order was publicly disclosed in Angels Baseball's publicly filed Opposition. (*Compare* Order at 4 with ECF No. 58 at 3 ("Angels Baseball produced to the government almost one million pages of documents related to T.S. and Kay," including "all of Kay's emails and documents from 2016 onward."); *id.* at 1 (Angels

Baseball "has not withheld from the government a single document it is aware of related to alleged drug distribution by T.S., Eric Kay, or anyone else, other than those reflected on its privilege log."); *id.* ("The government has in its hands all documents responsive to the instant subpoena that Angels Baseball knows of," except for those materials that are privileged.).)

No other part of the Order references or quotes non-public material.

### B.     Unsealing The Order Is In the Public Interest

As discussed above, the presumption in our system of law is that court documents should be publicly available unless there is sound basis for sealing. Given that the Order contains no non-public information, there is no reason for it to remain sealed.

On the other hand, there are good reasons that the Order should be publicly available. In its Motion, the government baselessly accused Angels Baseball of acting in bad faith with regards to the subpoena and the government's investigation as a whole. (ECF No. 37 at 3-5.) These very public accusations by the United States Department of Justice unfairly and inappropriately maligned Angels Baseball's reputation and brand, and attracted significant media attention.[3] The Order denying the Motion to Compel makes clear that the government's accusations were baseless and that Angels Baseball acted properly and lawfully. Angels Baseball therefore has a substantial

---

[3]     As just some sample headlines – *Los Angeles Times*: "Prosecutors in Tyler Skaggs case accuse Angels of not complying with subpoena" (https://www.latimes.com/sports/angels/story/2021-08-24/tyler-skaggs-prosecutors-angels-investigation-eric-kay-drugs); *Washington Post*: "Angels, under pressure from prosecutors, resist turning over more records in drug probe" (https://www.washingtonpost.com/sports/2021/09/08/angels-tyler-skaggs-case-records); *SB Nation*: "Legal Questions Abound As Angels Refuse to Produce Documents About Tyler Skaggs' Death" (https://www.beyondtheboxscore.com/2021/9/3/22654081/legal-questions-angels-tyer-skaggs-death-mlb); *Orange County Register*: "Angels fight subpoena in trial over Tyler Skaggs overdose death" (https://www.ocregister.com/2021/09/08/angels-attorneys-fight-subpoena-for-privileged-documents-in-overdose-death-of-tyler-skaggs/). Other media outlets have reported on the Motion to Compel as well; for example, the *New York Times* wrote: "In a motion filed on Aug. 23, federal prosecutors accused the Angels of refusing to properly comply with their subpoena in the Kay case." (https://www.nytimes.com/2021/08/30/sports/baseball/tyler-skaggs-eric-kay-angels.html).

interest in the Order being unsealed, while the government has no countervailing interest in keeping it sealed.[4] *See, e.g.*, *U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d at 691 (party's "interest in mitigating its reputational injuries favored disclosure" and court abused its discretion in sealing order absent any countervailing interest).

The high degree of public interest in the Motion to Compel and its outcome also counsels in favor of unsealing the Order, since that unsealing it will serve the underlying purposes of access to judicial records: promoting "the trustworthiness of the judicial process . . . and provid[ing] the public with a better understanding of the judicial process, including its fairness." *Bradley on behalf of AJW v. Ackal*, 954 F.3d at 224.  Members of the press and public are following this matter closely, and sealing the Order prevents them from understanding how this particular aspect of the case was resolved.

## IV.   CONCLUSION

For those reasons, Angels Baseball requests the Court unseal the Order, or, in the alternative, issue publicly the redacted version of the Order which is being lodged under seal concurrently herewith.

Respectfully Submitted,

---

[4]   As reflected in the Certificate of Conference below, during the pre-filing conference, the government did not even acknowledge or address the fact that all of the information in the Order is already public.

| | |
|---|---|
| */s/ Ariel A. Neuman* | */s/ John H. Cayce* |
| Ariel A. Neuman | John H. Cayce |
| *Admitted Pro Hac Vice* | State Bar No. 04035650 |
| aneuman@birdmarella.com | john.cayce@kellyhart.com |
| Nicole R. Van Dyk | Ryan M. Roper |
| *Admitted Pro Hac Vice* | State Bar No. 24098347 |
| nvandyk@birdmarella.com | ryan.roper@kellyhart.com |
| Oliver Rocos | **KELLY HART & HALLMAN LLP** |
| *Admitted Pro Hac Vice* | 201 Main Street, Suite 2500 |
| orocos@birdmarella.com | Fort Worth, Texas 76102 |
| Naomi S. Solomon | Telephone: (817) 332-2500 |
| *Admitted Pro Hac Vice* | Facsimile: (817) 878-9280 |
| nsolomon@birdmarella.com | |
| **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** | Philip H. Hilder |
| | State Bar No. 09620050 |
| 1875 Century Park East, 23rd Floor | philip@hilderlaw.com |
| Los Angeles, California 90067-2561 | Q. Tate Williams |
| Telephone: (310) 201-2100 | State Bar No. 24013760 |
| Facsimile:  (310) 201-2110 | tate@hilderlaw.com |
| | Stephanie K. McGuire |
| | State Bar No. 11100520 |
| | stephanie@hilderlaw.com |
| | **HILDER & ASSOCIATES, P.C.** |
| | 819 Lovett Blvd. |
| | Houston, Texas 77006 |
| | Telephone: (713) 655-9111 |
| | Facsimile: (713) 655-9112 |

**ATTORNEYS FOR ANGELS BASEBALL, LP**

## CERTIFICATE OF CONFERENCE

I certify that on October 14, 2021, I conferred with AUSA Jonathan Bradshaw about this Request. Mr. Bradshaw asked me to note the government's position as follows: "The government is opposed because the Court's order quotes directly from documents that were properly placed under seal."

## CERTIFICATE OF SERVICE

I certify that on October 14, 2021, I filed this notice with the clerk of court for the U.S. District Court, Northern District of Texas through the electronic filing system which will generate service to all counsel of record.

*/s/ Ariel A. Neuman*
Ariel A. Neuman