IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-269-Y |
| | § | |
| ERIC PRESCOTT KAY (01) | § | |

### ***DEFENDANT'S SECOND OPPOSED MOTION TO CONTINUE TRIAL AND EXTEND PRETRIAL DEADLINES***

TO THE HONORABLE TERRY R. MEANS
SENIOR UNITED STATES DISTRICT JUDGE FOR THE
NORTHERN DISTRICT OF TEXAS

COMES NOW, **ERIC PRESCOTT KAY (1)**, Defendant, by and through his attorneys of record, MICHAEL A. MOLFETTA and WM. REAGAN WYNN, and moves this Court to continue the current trial date for at least thirty (30) days, with a commensurate extension of all pretrial deadlines. In support thereof, Defendant would show the Court the following:

**(1)    Introduction:** By an email sent Sunday, October 31, 2021, eight days before trial is scheduled to begin and a little more than a year after the indictment was returned, counsel for the Government indicate they intend to seek a superseding indictment expanding the conspiracy allegation to include an

additional controlled substance. Undersigned counsel have prepared to defend the specific allegations in the indictment and the addition of a different controlled substance to the conspiracy allegation requires undersigned counsel to change their trial strategies, potentially including calling different witnesses and seeking to introduce different exhibits. Because of this substantive change to the indictment at this late date, this Court should grant an "ends of justice" continuance to give undersigned counsel additional time to adjust their defensive strategies to the new allegation, to determine what, if any, additional witnesses should be subpoenaed to testify on behalf of the defense

**(2) Background:**

(A) On September 30, 2020, the Government filed a sealed Complaint accusing Defendant Eric Prescott Kay (hereinafter "Mr. Kay") of conspiring to "possess with intent to distribute a mixture and substance containing a detectable amount of Fentanyl, a schedule II controlled substance" in violation of 21 U.S.C. § 846. [Complaint at ¶¶ 3, 22]

(B) On Friday, August 7, 2020, Mr. Kay voluntarily surrendered to the United States Marshal, appeared before United States Magistrate Jeffrey L. Cureton, and was released on conditions. Later that afternoon, the United States Attorney's Office for the Northern District of Texas issued a press release concerning Mr. Kay. *See* Press Release, U.S.D.O.J. U.S. Atty. N. Dist. Tex., Angels Employee Charged in Pitcher's Fatal Fentanyl Overdose (August 7, 2020), *available at* https://www.justice.gov/usao-ndtx/pr/former-angels-employee-charged-pitcher-s-fatal-fentanyl-overdose (attached as "Exhibit 1"). In the press release, the Government correctly noted Mr. Kay "was charged via criminal complaint with conspiracy to distribute a mixture containing detectable amounts of *fentanyl.*" The press release further stated

> Inside Mr. Skaggs's hotel room, investigators discovered a number of pills, including a single blue pill with the markings M/30. An analysis of the pill – which closely resembled a 30-milligram oxycodone tablet – revealed it had been laced with fentanyl, a powerful synthetic opiate.
>
> . . . .

> In the course of their investigation, the Drug Enforcement Administration determined that Mr. Kay allegedly regularly dealt the blue M/30 pills – dubbed "blue boys" – to Mr. Skaggs and to others, dolling out the pills at the stadium where they worked.

In addition to the press release, then United States Attorney Erin Nealy Cox and DEA Special Agent in Charge Eduardo A. Chávez called a press conference on the sidewalk across the street from the courthouse to discuss the charges against Mr. Kay. *See* Employee Charged in Pitcher's Fatal Fentanyl Overdose (August 7, 2020), *available at* https://www.youtube.com/watch?v=nc9E_Tyy1u0. During this press conference, Cox stated "illicitly produced fentanyl is significantly cheaper than less potent drugs like hydrocodone and oxycodone. So dealers often produce counterfeit drugs using fentanyl then stamp the drugs with the manufacturers markings to make it appear as though they are diverted pharmaceuticals like oxycodone and hydrocodone . . . . This is the tragic story of Tyler Skaggs." The press release coupled with Cox's and Chávez's further statements during the press

conference, at a minimum, imply Mr. Kay was one of the "drug dealers" who sought to distribute fentanyl because it was cheaper than actual hydrocodone or oxycodone.

(C) On October 15, 2020, the grand jury returned the indictment in this matter.[doc. 12] In Count One, Mr. Kay is accused of conspiring with unnamed "others," "beginning in or before 2017 . . . and continuing until in or around July 2019, in the Northern District of Texas and elsewhere," to "possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a controlled substance . . . " in violation of 21 U.S.C. § 846. In Count Two, Mr. Kay is accused of delivering "a mixture and substance containing a detectable amount of fentanyl" to Tyler Skaggs in the Fort Worth Division of the Northern District of Texas on or about June 30,2019, and it is alleged "the use of said substance resulted in death and serious bodily injury" of Tyler Skaggs.

(D) Pursuant to the Pretrial and Scheduling Order issued by this Court on October 30, 2020, this matter was

    initially set for trial beginning December 14, 2020.[doc. 16] On November 13, 2020, this Court continued trial upon the joint motion of Mr. Kay and the Government and set this matter for trial on April 19, 2021.[doc. 18]

(E)  On April 6, 2021, this Court granted Mr. Kay's unopposed Motion to Continue thereby giving undersigned counsel additional time to review voluminous discovery and otherwise prepare for trial. [doc. 23] Pursuant to that Order, trial was continued until August 16, 2021.[doc. 23]

(F)  On July 21, 2021, undersigned counsel filed Defendant's Opposed Motion to Continue Trial and Extend Pretrial Deadlines.[doc. 27] The Government was opposed to the granting of the requested continuance. On July 28, 2021, this Court partially granted the opposed Motion to Continue and scheduled this matter for trial beginning Monday, October 4, 2021.[doc. 30] On August 26, 2021, this Court *sua sponte* modified its previous Order and scheduled trial in this matter to begin Monday, November 8, 2021.[doc. 42]

**(3) The Government's Notice of Intent to Supersede the Indictment**

    (A) On Sunday, October 31, 2021, at 12:10 p.m., counsel for the Government sent undersigned counsel an email stating as follows: "We wanted to let you know that we intend to present a superseding indictment to the grand jury. The only change will be to add oxycodone to Count One. We anticipate the indictment will be returned on Tuesday. This does not change the theory of the case or any of the evidence, but [we] wanted to go ahead and let you know."

**(4) Defense Prejudiced by Late Addition of Additional Charge**

    (A) As stated above, up until the Government's stated intent to supersede the Indictment, the legal accusations against Mr. Kay have consistently been that he conspired to possess with intent to deliver *fentanyl*, not oxycodone, over a more than two year period and that he actually delivered fentanyl to Tyler Skaggs on June 30, 2019. Moreover, as set out above, the Government's publicly stated theory of the case was

(B)    that Mr. Kay conspired to deliver and delivered *fentanyl*, not oxycodone.

(B)    Based on their review of the discovery provided by the Government, undersigned counsel believe the only items obtained as a result of the investigation that led to this indictment that have been confirmed to actually contain fentanyl are the "single blue pill" found in Tyler Skaggs' hotel room as described in the Government's press release and the biological samples obtained from Tyler Skaggs' body during his autopsy.

(C)    Undersigned counsel have reviewed voluminous discovery provided by the Government in this matter. Included in the discovery was a significant amount of information concerning Mr. Kay allegedly delivering oxycodone to Tyler Skaggs and other persons.

(D)    In light of the discovery information concerning Mr. Kay's alleged oxycodone activities, undersigned counsel conducted legal research early on in the trial preparation process to determine if the Government could seek to prove alleged deliveries of oxycodone as part of the conspiracy to deliver fentanyl alleged in

count one. Undersigned counsel concluded evidence of the alleged deliveries of oxycodone would not be admissible to prove the allegations contained in count one. *See United States v. White*, 569 F.2d 263, 268 (5th Cir.), *cert. denied*, 439 U.S. 848 (1978) ("Although success of the conspiracy is not required, . . . the substance involved in the transaction must be the same illegal substance alleged in the indictment." (citations and quotations omitted)). *See also, e.g., United States v. Guerra-Marez*, 928 F.2d 665, 675 (5th Cir. 1991) (quoting *White*).

(E) While undersigned counsel determined evidence of Mr. Kay's alleged oxycodone activities would not be lawfully admissible to prove the conspiracy to deliver fentanyl alleged in count one, they also determined such evidence — or at least some portion of it — would likely be admissible pursuant to Rule 404(b), Federal Rules of Evidence, for the limited purposes of showing Mr. Kay's intent and/or knowledge with regard to offenses alleged in Counts One and Two. However, if such evidence was only admissible for that limited

      purpose, the Court would be required to give the jury proper limiting instructions constraining their consideration of the evidence. *See* FED. R. EVID. 105. Further, if such evidence were only admissible for those limited purposes, undersigned counsel anticipated making objections to evidence of repeated instances of alleged oxycodone conduct on the basis that any minimal probative value it would have with regard to the limited issues of knowledge and intent would be greatly outweighed the prejudicial effect of hearing repetitive evidence of Mr. Kay allegedly delivering a substance other than the one alleged in the indictment. *See* FED. R. EVID. 403.

(F)    In sum, undersigned counsel determined their trial strategy would be to seek to exclude any evidence of Mr. Kay's alleged extrinsic oxycodone activities pursuant to Rules 403 and 404 and, if such evidence were admitted, to limit the jury's consideration of it pursuant to Rule 105. In this manner, and assuming the jurors conscientiously follow the Court's limiting instructions, undersigned counsel determined they

could minimize the effect of any admitted evidence of Mr. Kay's alleged oxycodone activities to the conspiracy alleged in count one. Further, undersigned counsel determined it would not be advantageous to call additional witnesses and/or present additional evidence with concerning those alleged extrinsic oxycodone activities as doing so would only serve to draw additional attention to extrinsic matters which the jury could only consider for limited purposes.

(G) Having made this strategic decision, undersigned counsel have not focused on finding potential witnesses who could testify about the previously extrinsic oxycodone activities, but have instead focused solely on witnesses who could possibly testify concerning possible sources for the "single blue pill" — the only confirmed fentanyl in the case — found in Tyler Skaggs' hotel room.

(H) Once the Government expands the allegations in Count One to include oxycodone, undersigned counsel will have to reassess their previous strategic decisions. Once oxycodone is added to the allegations in Count

One, evidence of Mr. Kay's alleged oxycodone activities — at least those alleged to have been committed "beginning in or before 2017 . . . and continuing until in or around July 2019, in the Northern District of Texas and elsewhere," — will be admissible to prove the conspiracy alleged in Count One.

(I) Without being able to rely on jurors conscientiously following the Court's limiting instructions that would have minimized the effect of evidence of Mr. Kay's alleged extrinsic oxycodone activities on the the question of whether he conspired to possess with intent to deliver fentanyl, undersigned counsel are likely to conclude it is necessary to attack such evidence by calling additional witnesses to contextualize the Government's evidence, controvert statements made by Government witnesses, and otherwise cast doubt on the Government's evidence in this regard. Additionally, now that they are defending an oxycodone and fentanyl case instead of just a fentanyl case, undersigned counsel need to review the discovery to determine what, if any, additional

      documentary exhibits need to be culled from the voluminous discovery for possible evidentiary use at trial.

(J) In sum, undersigned counsel believe they will require an additional approximately 30 days to adequately review discovery, conduct an independent investigation, interview and subpoena potential witnesses, and otherwise prepare for trial concerning the new allegation of conspiracy to deliver oxycodone.

(K) This request is not made for purposes of delay, rather, it is made in the interests of justice.

(L) Defendant respectfully submits the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Denial of the requested continuance will almost assuredly result in a miscarriage of justice because, at this late date and as set out above, undersigned counsel are unable to intelligently adjust their trial strategies, determine which witnesses should be called, and determine which exhibits should be marked for

admission given the substantive change to the conspiracy allegation one week before trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i). As such, undersigned counsel require additional time for effective preparation of this matter for trial taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

**(5)** **Potential Conflicts of the Parties:** The parties have identified the following potential conflicts for trial over the period from the date of the filing of this motion through 90 days after the current trial date of November 8, 2021:

 (A) Undersigned counsel Wm. Reagan Wynn is scheduled for a contested sentencing hearing at 9:00 a.m. on December 16, 2021, in a matter styled *United States of America v. Clinton Battle*, Cause Number 4:20-CR-00157-P, pending in the Fort Worth Division of the Northern District of Texas; and,

 (B) Undersigned counsel Michael A Molfetta is scheduled to be present in California on December 4, 2021, and December 8, 2021, for depositions of his clients in matters styled *Jessica Diane Sullivan v. Courtney Love, et al.*, Cause No. BC708676, and *Isaiah James Silva v.*

*Courtney Love, et al.*, Cause No. BC707927, both pending in the Superior Court of Los Angeles County, California.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Eric Prescott Kay (01) respectfully prays the current trial date of November 8, 2021, be continued for at least thirty (30) days to another date as the Court might direct, and the associated pretrial deadlines be extended for a corresponding period of time.

Respectfully Submitted,

/s/ Michael A. Molfetta
Michael A. Molfetta
California Bar Number: 151992
Molfetta Law
3070 Bristol Street, Suite 580
Costa Mesa, California 92626
Telephone: (949) 391-2399
michael@michaelmolfettalaw.com

/s/ Wm. Reagan Wynn
Wm. Reagan Wynn
Texas State Bar Number: 00797708
Reagan Wynn Law, PLLC
5049 Edwards Ranch Rd, Floor 4
Fort Worth, Texas 76109
Telephone: (817) 900-6800
rw@reaganwynn.law

**ATTORNEYS FOR ERIC PRESCOTT KAY**

## *CERTIFICATE OF CONFERENCE*

I hereby certify that on November 1, 2021, conference was held with Assistant United States Attorneys Errin Martin, Lindsey Beran, and Jonathan Bradshaw and the Government is **OPPOSED TO** the granting of the relief requested in this Motion.

*/s/ Wm. Reagan Wynn*
WM. REAGAN WYNN

## *CERTIFICATE OF SERVICE*

I hereby certify that on November 1, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, thereby effecting service on attorneys of record.

*/s/ Wm. Reagan Wynn*
WM. REAGAN WYNN