IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 4:20-CR-269-Y |
| V. | ECF |
| ERIC PRESCOTT KAY | |

### **GOVERNMENT'S REQUESTED JURY INSTRUCTIONS**

The United States of America submits the attached Government's Requested Jury Instructions.  All instructions are from the Fifth Circuit Pattern Jury Instructions, (Criminal Cases, 2019), unless otherwise noted.

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

*s/  Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
1100 Commerce Street,
Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Lindsey.Beran@usdoj.gov

*s/   Errin Martin*
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street,
Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Errin.Martin@usdoj.gov

*s/   Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street,
Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
Facsimile: 214-659-8805
E-mail:
jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2021, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system served Michael Alessandro Molfetta and William Reagan Wynn, counsel for Kay.

*s/  Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States
Attorney

## Required Certification

I, Jonathan Bradshaw, certify that I have carefully read the foregoing proposed charge of the Court and that it is, to the best of my knowledge and ability, free of error both in form and substance.

November 2, 2021                    */s/ Jonathan Bradshaw*

Date                                 Signature of attorney

## 1.01 Preliminary Instructions

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury***:

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply to those facts the law as the court will give it to you.  You must follow that law whether you agree with it or not.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other

4

items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now.

1.   Statements, arguments, and questions by lawyers are not evidence.

2.   Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.   Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.   Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

5

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty.  The indictment brought by the government against the defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

6

*Second*: the burden of proof is on the government until the very end of the case.  The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*:  the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

**Summary of applicable law:**

In this case the defendant is charged with two crimes: (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance, and (2) Distribution of a Controlled Substance Resulting in Death.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove beyond a reasonable doubt to make its case.

7

For you to find the defendant guilty of these crimes, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

Count One[1]

*First*:   That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute and distribute a controlled substance;

*Second*:   That the defendant knew of the unlawful purpose of the agreement;

and

*Third*:   That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Count Two[2]

*First*:   That the defendant knowingly or intentionally distributed a controlled substance; and

*Second*:   That the substance was in fact a mixture or substance containing a detectable amount of fentanyl.

---

[1] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2019).
[2] *United States v. Sotelo*, 97 F.3d 782, 789 (5th Cir. 1996) ("In order to prove that a defendant distributed a controlled substance, the Government must prove that the defendant (1) knowingly (2) distributed (3) the controlled substance.").

If you find the defendant guilty of Count Two, you must next determine whether the government has proved beyond a reasonable doubt that T.S.'s death resulted from the use of said fentanyl—that is, that but for T.S.'s use of the fentanyl, T.S. would not have died.[3]

***Conduct of the jury:***

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case.  Please do not talk with them about any subject at all.  You may be unaware of the identity of everyone connected with the case.  Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.  It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.  Also, do not discuss this case among yourselves until I have instructed

---

[3] *See Burrage v. United States*, 571 U.S. 204, 219 (2014).

you on the law and you have gone to the jury room to make your decision at the end of the trial.  Otherwise, without realizing it, you may start forming opinions before the trial is over.  It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology.  You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends.  You may not

communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, WhatsApp, Instagram, LinkedIn, or YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

***Course of the trial:***

I will now give you a roadmap to help you follow what will happen over the entire course of this trial.  First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.  Next, the defendant's attorney may, but does not have to, make an opening statement.  Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.

11

Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine.  If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law.  After that, you will retire to deliberate on your verdict.

The trial will now begin.

**1.02 Note-Taking by Jurors**
**(Optional Addition to Preliminary Instruction)**

ALTERNATIVE B

If you would like to take notes during the trial, you may do so.  On the other hand, you are not required to take notes if you prefer not to do so.  Each of you should make your own decision about this.

If you do decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings.  Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not

have typewritten transcripts of this record available for

your use in reaching a decision in this case.

## 1.03 Introduction to Final Instructions

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## 1.04 Duty to Follow Instructions

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## 1.05 Presumption of Innocence, Burden of Proof, Reasonable Doubt

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all *[and no inference whatever may be drawn from the election of a defendant not to testify]*.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your

own affairs.

### 1.06 Evidence—Excluding What Is Not Evidence

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this

19

evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**1.08 Evidence—Inferences—Direct and Circumstantial**

ALTERNATIVE A

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 1.09 Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [*including the defendant*] who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the

opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

[*The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness*.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### [*1.11 Impeachment by Prior Inconsistencies*

*The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.*

*Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.*

*If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.*]

## 1.15 Accomplice – Informer – Immunity

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.  You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

### 1.17 Witness's Use of Addictive Drugs

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## 1.18 Expert Opinion Testimony

During the trial you heard the testimony of individuals who purport to be experts in their respective fields. Specifically, you heard the testimony of Jonathan Bishop, who expressed opinions concerning the chemical analysis of certain substances; Robert Johnson, who expressed opinions concerning the drug and body-fluid samples taken after T.S.'s death and his certifications of the forensic toxicology and drug-chemistry reports; Kathryn Scott, who expressed opinions concerning her forensic-toxicology screening of the blood samples taken during T.S.'s autopsy; Leanne Hazard, who expressed opinions concerning her forensic-toxicology screening of the blood samples taken during T.S.'s autopsy; Connie Lewis, who expressed opinions concerning her forensic-toxicology screening of the blood samples taken during T.S.'s autopsy; [*Michelle O'Neal, who expressed opinions concerning her review of certain Certificates of Analysis*]; [*John Harris, who expressed opinions concerning his review of the testing and conclusions of certain Certificates of Analysis*]; Beryl Landry, who expressed opinions concerning certain screenings and testing of the urine she did as part of the

27

autopsy of T.S.; [*Cheryl Wheeler, who expressed opinions concerning her review of toxicology reports and screening performed as part of T.S.'s autopsy*]; Angela DeTulleo, who expressed opinions concerning her chemical analysis of certain substances; [*John McIllroy, who expressed opinions concerning his review of certain chemical analyses*]; [*Logan Jamison, who expressed opinions concerning his review of certain chemical analyses*]; [*Michael Morley, who expressed opinions concerning his review of certain chemical analyses*]; Mohan Aruva, KVK Tech analyst, who expressed opinions concerning his chemical analysis of certain pills; [*John Menon, who expressed opinions concerning his review of the chemical analysis of certain pills*]; [*Vishnuvardhana Polisetti, who expressed opinions concerning his approval of the chemical analysis of certain pills*]; [*William Walker, who expressed opinions concerning the fingerprint analysis that he conducted on certain exhibits*]; [*Susan R. Howe, who expressed opinions concerning her review of the fingerprint analysis that was conducted on certain exhibits*]; Susannah Herkert, who expressed opinions concerning illegal use and distribution of controlled substances; Mark W. Sedwick, who expressed opinions

concerning the CAST analysis of cellular telephones and
records associated with such devices; Stefan Hare, who
expressed opinions concerning the forensic extraction and
examination of mobile devices; [*Dan Ogden, who expressed
opinions concerning analysis of data from cellphone,
network, and internet providers*]; [*David Roose, who
expressed opinions concerning the extraction and analysis
of data from cellphone, network, and internet providers*];
Dr. Stacey Hail, medical toxicologist and
emergency-medicine physician, who expressed opinions
concerning the cause of T.S.'s death; Dr. Mark Krouse,
pathologist, who expressed opinions concerning T.S.'s
autopsy and cause of death; Dr. Richard Luceri,
cardiologist, who expressed opinions concerning cardiology
and electrophysiology and whether T.S.'s death was caused
by a cardiac-initiated cardiac event; and Dr. Richard
Fries, Deputy Chief Medical Examiner and pathologist, who
expressed opinions concerning T.S.'s autopsy and cause of
death.

   If scientific, technical, or other specialized
knowledge might assist the jury in understanding the
evidence or in determining a fact in issue, a witness

qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

### 1.19 On or About

You will note that the indictment charges that the offenses were committed on or about specified dates.  The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on dates reasonably near the dates stated in the indictment.

With respect to the conspiracy charged in Count One, the government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near 2017 through July 2019, the dates stated in the indictment.

With respect to the distribution of a controlled substance resulting death, the crime charged in Count Two, the government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near June 30, 2019, the date stated in the indictment.

31

## 1.21 Caution—Consider Only Crime Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## 1.22 Caution—Punishment

If a defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

### 1.23 Single Defendant—Multiple Counts

A separate crime is charged in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

[*1.32 Similar Acts*

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions.  You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment.  However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether the defendant acted according to a plan or in preparation for commission of a crime;

or

35

*Whether the defendant committed the acts for which he is on trial by accident or mistake.*

*These are the limited purposes for which any evidence of other similar acts may be considered.*]

## 1.33 Possession

Possession, as that term is used in this case, may be of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## 1.41 "Knowingly"—to Act

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## 1.43 "Willfully"—to Act

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids—that is to say, with bad purpose either to disobey or disregard the law.

### 1.48 Cautionary Instruction During Trial—Transcript of Tape-Recorded Conversation

Government's Exhibit 110 has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Government's Exhibit 109.  The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.  It is what you hear on the tape that is evidence, not the transcripts.

40

[*1.50 Summaries and Charts Not Received in Evidence*

*Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, records, and other documents) in the case.  These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.*]

41

## 1.51 Summaries and Charts Received in Evidence Pursuant to Federal Rule of Evidence 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case.  You should give them only such weight as you think they deserve.

The underlying records are the best evidence of what occurred.

## 1.52 Summary Witness Testimony and Charts
## Based on Other Evidence

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case.  If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them.  But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them.  The best evidence of what occurred are the underlying records themselves.

## COUNT ONE

### 2.97 Conspiracy to Possess with Intent to Distribute a Controlled Substance
### (Violation of 21 U.S.C. § 846)

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.  In this case, the defendant is charged with conspiring to possess with intent to distribute a controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:    That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance;

Second:   That the defendant knew of the unlawful purpose of the agreement; and

Third:    That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

44

The defendant is charged with conspiring to violate Title 21 U.S.C. § 841(a).  The elements of 21 U.S.C. § 841(a) are:

First:    That the defendant knowingly possessed a controlled substance;

Second:   That the substance was in fact oxycodone or fentanyl; and

Third:    That the defendant possessed the substance with the intent to distribute it.

Oxycodone and fentanyl are controlled substances within the meaning of this law.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.  The government must prove beyond a reasonable doubt that the defendant knew he possessed a controlled substance but need not prove that the defendant knew what particular controlled substance was involved.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on

45

one occasion, that is sufficient to convict him for
conspiracy even though the defendant had not participated
before and even though the defendant played only a minor
part.

The government need not prove that the alleged
conspirators entered into any formal agreement, nor that
they directly stated between themselves all the details of
the scheme.  Similarly, the government need not prove that
all of the details of the scheme alleged in the indictment
were actually agreed upon or carried out, nor must it prove
that all of the persons alleged to have been members of the
conspiracy were such, or that the alleged conspirators
actually succeeded in accomplishing their unlawful
objectives.

Mere presence at the scene of an event, even with
knowledge that a crime is being committed, or the mere fact
that certain persons may have associated with each other
and may have assembled together and discussed common aims
and interests, does not necessarily establish proof of the
existence of a conspiracy.  A person who has no knowledge
of a conspiracy, but who happens to act in a way that
advances some purpose of a conspiracy, does not thereby

46

become a conspirator.

## 1.20 Venue—Conspiracy

The events presented at trial happened in various places.  There is no requirement that the entire conspiracy take place in the Northern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.  An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.  Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.  This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas.  All other elements of the offense must be proved beyond a reasonable doubt.  You are instructed that Tarrant County is located in the Northern District of Texas.

48

## COUNT TWO

### Distribution of a controlled substance resulting in death (Violation of 21 U.S.C. § 841(a)(1))[4]

Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone knowingly or intentionally to distribute a controlled substance.

Fentanyl is a controlled substance within the meaning of this law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:    That the defendant knowingly or intentionally distributed a controlled substance; and

Second:   That the substance was in fact a mixture or substance containing a detectable amount of fentanyl.

The government must prove beyond a reasonable doubt that the defendant knew he possessed a controlled substance but need not prove that the defendant knew that fentanyl was involved.

---

[4] The Fifth Circuit Jury Pattern Instructions do not list the elements for distribution of a controlled substance. Authority used is 21 U.S.C. §§ 802(8) and (11); 841(a)(1) and (b)(1)(C).

49

To "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical.  To "deliver" means the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship.

If you find that the defendant, Eric Kay, is guilty of the offense charged in Count Two, you must further determine whether the government has proved beyond a reasonable doubt that T.S.'s death resulted from the use of the fentanyl.[5]  Your answer to this question must also be unanimous.  To prove that T.S.'s death resulted from the use of the fentanyl, the government must prove beyond a reasonable doubt that but for T.S.'s use of the fentanyl, T.S. would not have died.

An event might have many but-for causes.[6]  Even when many factors converge to cause a result, one of those

[5] *See United States v. Aguirre-Rivera*, 8 F.4th 405, 410-11 (5th Cir. 2021).
[6] *United States v. Salinas*, 918 F.3d 463, 466 (5th Cir. 2019) (citing *United States v. Ramos-Delgado*, 763 F.3d 398, 402 (5th Cir. 2014)).

single factors will still be considered a but-for cause so long as the result would not have occurred in its absence.[7]

For example, if a defendant's actions had merely sprained a person's hand, making him go to the hospital, and the hospital exploded from a gas leak, the defendant's actions would still have been a but-for cause of the person's death.  But for his sprained hand the person would not have gone to the hospital.[8]

[7] *United States v. Gaspar-Felipe*, 4 F.4th 330, 343 (5th Cir. 2021) (citing *United States v. Ruiz-Hernandez*, 890 F.3d 202, 212-13 (5th Cir. 2018)).
[8] *Gaspar-Felipe*, 4 F.4th at 343 (citing *Ramos-Delgado*, 763 F.3d at 402).

## 1.26 Duty to Deliberate

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count in the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer, I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 4:20-CR-269-Y |
| V. | ECF |
| ERIC PRESCOTT KAY | |

### **VERDICT OF THE JURY**

**Count One**: As to the offense charged in Count One of the Superseding Indictment, conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of oxycodone or fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1), we, the Jury, find:

The defendant, ERIC KAY _____.
                              (Guilty or Not Guilty)

**Count Two**: As to the offense charged in Count Two of the Superseding Indictment, distribution a controlled substance resulting in death in violation of 21 U.S.C. § 841(a)(1), we, the Jury, find:

The defendant, ERIC KAY _____.
                              (Guilty or Not Guilty)

If you have found the defendant, Eric Kay, guilty of Count Two, you must answer the following question:  Do you find beyond a reasonable doubt that T.S.'s death resulted from the use of the fentanyl?

_____        _____
      (Yes)                   (No)


_____
              Foreperson

54