IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:20–CR–269–Y-1 |
| ERIC PRESCOTT KAY | § | |

### LOS ANGELES TIMES COMMUNICATIONS LLC'S BRIEF IN SUPPORT OF MOTIONS TO INTERVENE AND UNSEAL JUDICIAL RECORDS

Los Angeles Times Communications LLC (the "Los Angeles Times") files this brief in support of its Motion to Intervene and Unseal Judicial Records. The media and public have a right to access criminal proceedings, which is infringed when docket entries and other records are withheld from public view in the absence of compelling countervailing interests. The Los Angeles Times therefore respectfully requests that the Court make public the docket entries that are sealed from public view, as well as the government's witness and exhibit lists.

### I. FACTUAL BACKGROUND

1. The Los Angeles Times is a 139-year-old, Pulitzer Prize-winning newspaper. It is the largest metropolitan daily newspaper in the country, with a daily readership of 1.3 million, more than 30 million unique website visitors monthly, and a combined print and online local weekly audience of 4.6 million.

2. The Los Angeles Angels are a professional baseball team that competes in Major League Baseball.

3. In 2019, as his team prepared to play the Texas Rangers, Angels pitcher Tyler Skaggs was found dead in his hotel room. The Tarrant County medical examiner's office confirmed that fentanyl and oxycodone were detected in Skaggs's system at the time of his death.

4.     Former Angels Communications Director Eric Prescott Kay has been charged with conspiracy to distribute fentanyl in connection with Skaggs's fatal opioid overdose.

5.     Since the inception of this case, its docket sheet has garnered nearly a hundred entries. A recent docket entry [Dkt. 85] consists of the Court's Order Granting the Government's Motion to File Witness and Exhibit Lists Under Seal. The Court's Order neither addresses the presumption of public access to judicial proceedings nor details any putative compelling countervailing interests favoring nondisclosure of judicial records.

6.     In addition, numerous entries on the docket sheet appear to be sealed from public view. Specifically, the docket sheet viewable by the public has a number of missing docket entries: Dkt. 2, 13, 29, 32, 38, 45–46, 59–63, 65–66, 69–73, 83, 86–87. The docket does not indicate that the Court has issued a sealing order explaining its rationale for sealing these portions of its docket sheet from public view.

## II.   MOTION TO INTERVENE

7.     The media have a right of access to judicial records and have standing to assert and protect that right in court. *See, e.g.*, *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001) (reversing a district court's denial of a newspaper's motion to intervene).

8.     The Los Angeles Times seeks to intervene for this limited purpose: to be heard on its motion to unseal docket entries and the government's witness and exhibit lists.

## III.   MOTION TO UNSEAL

9.     "The right to access judicial records flows from two sources: the common law and the First Amendment." *In re Reporters Comm. for Freedom of the Press to Unseal Criminal Prosecution of Assange*, 357 F. Supp. 3d 528, 533 (E.D. Va. 2019) (citing *Va. Dep't of State Police v. Wash. Post*,

386 F.3d 567, 575 (4th Cir. 2004)). Under both, "the right of public access to judicial records and proceedings 'may be abrogated only in unusual circumstances.'" *Id.* at 534 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

10. Settled law in this Circuit holds that the public has a common law right to inspect and copy judicial records. *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). Because common law establishes a presumption of access to judicial records, *see Van Waeyenberghe*, 990 F.2d at 848, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily" or with great caution, *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987) (citing *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059 (3rd Cir. 1984)). Because of the common law presumption of access, sealing of judicial records "is an extraordinary action, and should be done only if the government shows a real possibility of harm." 3A Fed. Prac. & Proc. Crim. 3d § 672.

11. The First Amendment also "guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Wash. Post v. Robinson*, 935 F.2d 282, 287–88 (D.C. Cir. 1991). The Supreme Court has consistently recognized that the public and the press have a First Amendment right of access to criminal proceedings and records. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982) (criminal trials); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) ("*Press-Enterprise I*") (voir dire and transcripts); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press-Enterprise II*") (preliminary hearings). The circuit courts have broadly extended this right of access to filed legal documents and other court records, including in pretrial proceedings. *See,*

*e.g.*, *In re Globe Newspaper Co.*, 729 F.2d 47, 51, 59 (1st Cir. 1984) (the First Amendment right of access "has also been extended to documents filed in pretrial proceedings"); *United States v. Smith*, 123 F.3d 140, 146 (3rd Cir. 1997) (First Amendment right of access to criminal proceedings is extended "to the records and briefs that are associated with that proceeding"); *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989) ("[T]his court has held that the first amendment right of access extends to documents submitted in connection with a judicial proceeding."); *Oregonian Publ'g Co. v. U.S. District Court,* 920 F.2d 1462, 1465 (9th Cir. 1990) ("Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents."), *cert. denied,* 501 U.S. 1210 (1991); *United States v. Ellis*, 90 F.3d 447 (11th Cir. 1996) (First Amendment right of access applies to transcripts of *in camera* hearings). The Fifth Circuit is not an outlier in this regard. *See, e.g.*, *United States v. Chagra*, 701 F.2d 354, 363–64 (5th Cir. 1983) (finding First Amendment right of access to pretrial bail proceedings); *Rovinsky v. McKaskle*, 722 F.2d 197, 201 (5th Cir. 1984) (relying on First Amendment right of access in *Chagra* and *Richmond Newspapers* for assertion that the right to a public trial "extends at least" to pretrial hearings such as jury selection and motions to suppress evidence); *United States v. Edwards*, 823 F.2d 111, 118 (5th Cir. 1987) (finding that First Amendment guarantees right of access to record of closed proceedings and raises presumption that transcript of such proceedings be released within a reasonable time).

12.     The Fifth Circuit has recently reaffirmed that "courts should be ungenerous with their discretion to seal judicial records," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (Willett, J.), which plays out under two legal standards applicable to sealing determinations:

> The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies "[o]nce a document is filed on the public record"—when a document "becomes a 'judicial record.'"

*Id.* (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)). Under both standards, the presumption "is that judicial records should not be sealed . . . because the opposite would be unworkable: 'With automatic sealing, the public may never know a document has been filed that might be of interest.'" *Id.* (citation omitted).

13. The press and public's First Amendment and common law "right to access criminal proceedings extends to the proceedings' docket sheets." *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005). "[D]ocket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment." *Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)). Thus, the sealing from public view of numerous docket entries in this case—presently, Dkt. 2, 13, 29, 32, 38, 45–46, 59–63, 65–66, 69–73, 83, and 86–87—constitutes "an unconstitutional infringement" on the First Amendment and common law rights of the public and the Los Angeles Times. *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993). This error is compounded because "there is no sealing order" available to the public, and thus "there is no sealing analysis—no reasons given, no authorities cited, no document-by-document inquiry. . . . There was no assurance that the extent of sealing was congruent to [any putative] need." *Exeter*, 990 F.3d at 420.

14. The press and public's First Amendment and common law right to access criminal proceedings is also infringed when a court's sealing determination is not "explained at 'a level of detail that will allow for . . . review [by an appellate court].'" *Id.* at 419. "[A] court abuses its

discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'" *Id.* (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). The Court's Order Granting the Government's Motion to File Witness and Exhibit Lists Under Seal [Dkt. 85] does not mention the presumption in favor of the public's access to judicial records or articulate any reasons that would support sealing. It does not "grappl[e] with public and private interests, [or demonstrate] consideration of less drastic alternatives." *Id.* at 420; *see also United States v. Brooklier*, 685 F.2d 1162, 1169 (9th Cir. 1982), *citing United States v. Criden*, 675 F.2d 550, 552 (3d Cir. 1982) (finding a generalized statement that "court concludes closure is necessary from a balancing of first and sixth amendment interests" insufficient to justify nondisclosure, and stating that findings justifying closure must be "sufficiently specific" to enable appellate court to determine whether closure order was properly entered). It was an abuse of discretion, infringing the Los Angeles Times' and the public's First Amendment and common law rights to access this criminal proceeding. The government's witness and exhibit lists should therefore be unsealed.

15. It bears emphasis that litigants' own agreement to seal judicial records does not undermine the press and public's right to access those records. "The secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Exeter*, 990 F.3d at 421. Because such rebuttal has neither been presented in regards to the sealed docket entries nor the government's witness and exhibits list, the Court should unseal each. Unsealing of the docket entries may justify further motions to unseal previously unknown pleadings if such are also sealed.

## Prayer

16. For all the foregoing reasons, the Los Angeles Times requests that the Court grant its motions and unseal all docket entries in this case, as well as the government's witness and exhibit lists. In the absence of an immediate unsealing, the Los Angeles Times requests an expedited hearing to resolve its motions.

Respectfully submitted,

*/s/ James A. Hemphill*
James A. Hemphill
Texas State Bar No. 00787674
jhemphill@gdhm.com
Christopher C. Cyrus
Texas State Bar No. 24097110
ccyrus@gdhm.com

GRAVES, DOUGHERTY, HEARON & MOODY P.C.
401 Congress Avenue, Suite 2700
Austin, TX  78701-3790
Telephone:     (512) 480-5704
Fax:                 (512) 480-5804

ATTORNEYS FOR LOS ANGELES TIMES COMMUNICATIONS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, a true and correct copy of the foregoing document was served on the following counsel of record via the Court's electronic service process.

Lindsey E Beran
Jonathan Glen Bradshaw
Joseph T. Lo Galbo
Errin Martin
UNITED STATES ATTORNEY'S OFFICE
1100 Commerce Street, Suite 300
Dallas, Texas 75242
lindsey.beran@usdoj.gov
Jonathan.bradshaw@usdoj.gov
joseph.lo.galbo@usdoj.gov
errin.martin@usdoj.gov

Michael D Anderson
John H. Cayce, Jr.
Ryan Roper
KELLY HART & HALLMAN
201 Main Street, Suite 2500
Fort Worth, Texas 76102-3194
michael.anderson@kellyhart.com
john.cayce@kellyhart.com
ryan.roper@kellyhart.com

Philip H Hilder
Stephanie K. McGuire
Quentin Tate Williams
HILDER & ASSOCIATES PC
819 Lovett Blvd
Houston, Texas 77006-3905
philip@hilderlaw.com
stephanie@hilderlaw.com
tate@hilderlaw.com

Michael Alessandro Molfetta
MOLFETTA LAW
3070 Bristol Street, Suite 580
Costa Mesa, California 92626
michael@michaelmolfettalaw.com

Ariel A Neuman
Oliver Rocos
Naomi S. Solomon
Nicole Rodriguez Van Dyk
BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
aneuman@birdmarella.com
orocos@birdmarella.com
nsolomon@birdmarella.com
nrv@birdmarella.com

William Reagan Wynn
REAGAN WYNN LAW, PLLC
5049 Edwards Ranch Rd., Floor 4
Fort Worth, Texas 76109
rw@reaganwynn.law

*/s/ James A. Hemphill*