IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | § Case No. 4:20-CR-269-Y § § |
| ERIC PRESCOTT KAY | § § § § § § § § |

**ANGELS BASEBALL, LP'S OPPOSITION TO NON-PARTY LOS ANGELES TIMES COMMUNICATIONS LLC'S MOTION TO UNSEAL JUDICIAL RECORDS**

Angels Baseball, LP ("Angels Baseball") files this brief in opposition to non-party Los Angeles Times Communications LLC's ("the Los Angeles Times") Motion to Unseal Judicial Records (Dkt. 90). Angels Baseball requests that any docket entries related to the government's motion to compel documents from Angels Baseball (Dkt. 37) that have been sealed remain sealed, including Docket Nos. 38, 59, 60, 60-1, 62, 63, and 70. The motion itself, the opposition, and the Court's Order, are all publicly available.

## I.      INTRODUCTION

Non-party Los Angeles Times Communications LLC's ("the Los Angeles Times") has filed a Motion to Intervene and Unseal Judicial Records, with a blanket request to make public all docket entries that have been sealed in this case. Dkt. 90 at 1. The brief comprises mere boilerplate language regarding the public's right to access judicial records, and entirely fails to include any analysis challenging the reasons the Court sealed those documents in the first place. *Id.* at 2-6. And while the brief is addressed with respect to all sealed documents in the case, only a limited number – none related to Angels Baseball's litigation – are specifically referenced.

Angels Baseball is a third party to this litigation, following the government's public filing of a Motion to Compel. *See* Dkt. 37. Certain – but not all – documents related to the litigation of that motion were sealed for specific reasons, including Docket Nos. 38, 59, 60, 60-1, 62, 63, and 70 (the "Sealed Documents"). *See* Dkt. 62. The critical aspects of the government's dispute with Angels Baseball, however, are publicly available through the files of this Court, including the Motion itself, the Opposition, and the Court's final Order, all of which are not sealed. The Sealed Documents contain materials the government moved to seal in connection with the Motion, including Angels Baseball's privilege log, private communications between Angels Baseball and the government seeking to settle the dispute regarding the subpoena, and other non-public information, such as references to investigations into person(s) that were never implicated in any wrong-doing and have a right to privacy, other grand jury proceedings, and other confidential materials. Therefore, the Sealed Documents should remain sealed, as the public's interest in accessing these documents is far outweighed by the interests favoring nondisclosure, especially

given that the most critical documents – including the motion, the opposition, and the Court's Order – are not sealed.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2021, the United States served Angels Baseball with a subpoena for documents in connection with this case. Dkt. 58 at 6. Angels Baseball responded to the subpoena, including by properly asserting privilege over certain documents related to its internal investigation and producing a privilege log. *Id.* at 6-7. The government filed a publicly-available motion to compel production of those documents, Dkt. 37, and included in its motion an appendix that contained the privilege log produced by Angels Baseball, as well as communications between the parties seeking to settle the dispute. Dkt. 38. The government properly moved to seal that appendix. Dkt. 38.

Angels Baseball opposed the government's motion to compel in a publicly-filed document. Dkt. 58. At the same time, Angels Baseball moved to seal the appendix attached to its opposition, because the documents in the appendix referred extensively to the materials the government had moved to seal in connection with its motion, additional confidential communications, as well as other non-public information related to the government's investigation. Dkt. 59. The Court granted the request and Angels Baseball's appendix was filed under seal. Dkts. 62, 63.

The government then sought to file a reply to its Motion to Compel. Dkt. 60-1. The government moved to seal the lodged reply brief for the same reasons. Dkt. 60.

---

[1] Angels Baseball takes no position on the Los Angeles Times's motion as it relates to other sealed documents, as Angels Baseball does not itself have access to those documents.

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

3

The Court denied the government's motion to compel in an order that is publicly available.  Dkt. 67.

The documents filed in connection with the government's motion and Angels Baseball's opposition that remain under seal are Docket Nos. 38, 59, 60, 60-1, 62, 63, and 70.  Every one of those documents was properly sealed.

### III.    LEGAL STANDARD

The decision whether to allow public access to court records "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).  In exercising this discretion, "the court must balance the public's common law right of access against the interests favoring nondisclosure."  *Sec. & Exch. Comm'n. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  Undergirding balancing is a "presumption in favor of the public's common law right of access to court records."  *Id.* at 849.  This presumption reflects the fact that "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."  *United States v. Holy Land Found. for Relief & Dev.,* 624 F.3d 685, 690 (5th Cir. 2010) (second alteration in original) (citation omitted).

However, unlike other circuits, the Fifth Circuit has repeatedly refused to characterize the public access presumption as "strong" or require a strong showing of proof to seal documents. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing cases).  Rather, in the Fifth Circuit, the decision to seal or unseal records is to be analyzed on a case-by-case basis, *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir.

2017), and the individualized decision is best left to the sound discretion of the district court. *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981) (citing *Nixon*, 435 U.S. at 599).

## IV.   ARGUMENT

The Court properly exercised its discretion in sealing Docket Nos. 38, 59, 60, 60-1, 62, 63, and 70.  The Sealed Materials, filed in connection with the government's motion to compel and Angels Baseball's opposition, contain sensitive, non-public information that do not concern the public interest or implicate the public's right to access judicial records.  They should therefore remain sealed and the Los Angeles Times' motion to unseal should be denied.  The most critical documents related to the government's dispute with Angels Baseball are all publicly available, and only a limited subset remain properly sealed.

The documents in question include Angels Baseball's privilege log, communications between Angels Baseball and the government seeking to settle the dispute, and other non-public information, such as references to the grand jury investigation and the investigation of person(s) who were never accused of wrongdoing.  The public has no legitimate interest in these documents, and therefore the balancing test weighs strongly in favor of maintaining these documents as sealed.

For instance, courts routinely seal records that contain references to privileged material. *In re Avantel, S.A.*, 343 F.3d 311, 324 (5th Cir. 2003) (granting motion to place volume of an appendix under seal because it referenced privileged materials); *Neon Enter. Software, LLC v. Int'l Bus. Machines Corp.*, No. A-09-CA-896 AWA, 2011 WL 2964796, at *1 (W.D. Tex. July 20, 2011) ("It is not uncommon for a court to seal documents filed in a case when those records contain trade secrets, sensitive commercial information, *privileged material*, individual personal identifiers, personal medical information, or material impacting national security.") (emphasis

added).  Thus, the Court properly sealed the Sealed Materials because they contained numerous references to privileged materials, including Angels Baseball's privilege log.

The remaining Sealed Documents were likewise properly filed under seal.  There is no question that information related to non-public grand jury proceedings must be maintained under seal.  Fed. R. Crim. P. 6(e)(5), (6) (imposing on courts the duty to prevent disclosure of matters occurring before a grand jury, including maintaining records, orders, and subpoenas related to grand jury proceedings under seal).  Here, the Sealed Documents reference the grand jury investigation and the investigation of person(s) who were never accused of wrongdoing in connection with this case.  Such information is exactly the type that is meant to remain sealed pursuant to 6(e) and the Court's supervisory power.  Likewise, confidential communications seeking to settle disputes are generally sealed because they are inadmissible under Federal Rule of Evidence 408 and therefore do not implicate the public's right of access.  *See Pearson's Inc. v. Ackerman*, No. 7:18-CV-00013-BP, 2018 WL 10483853, at *3 (N.D. Tex. Nov. 20, 2018) (sealing settlement communications pursuant to Local Civil Rule 79.3 because they are generally inadmissible under Federal Rule of Evidence 408 and the parties agreed they should be sealed).

Good cause therefore exists to seal such documents.  *See Nixon*, 435 U.S. at 598 (stating that the court has "supervisory power over its own records and files" and may seal documents "where court files might [ ] become a vehicle for improper purposes" or information that could be used for "scandalous or libelous purposes").  The Court properly exercised its discretion to do so, as these interests outweighed – and continue to outweigh – the public interest in accessing these specific judicial records.  The parties' briefing, and the Court's Order – all of which are public – are sufficient to address the public interest.  The Court should therefore affirm its

previous decisions to seal and deny the Los Angeles Times' Motion with respect to Docket Nos. 38, 59, 60, 60-1, 62, 63, and 70.

## V.  CONCLUSION

For the foregoing reasons, the Court should deny the Los Angeles Times' Motion with respect to Docket Nos. 38, 59, 60, 60-1, 62, 63, and 70 and maintain those documents under seal.

| s/ *Ariel A. Neuman* | s/ *John H. Cayce* |
|---|---|
| Ariel A. Neuman | John H. Cayce |
|    aneuman@birdmarella.com | State Bar No. 04035650 |
| Admitted *Pro Hac Vice* | john.cayce@kellyhart.com |
| Nicole R. Van Dyk | Michael D. Anderson |
|    nvandyk@birdmarella.com | State Bar No. 24031699 |
| Admitted *Pro Hac Vice* | michael.anderson@kellyhart.com |
| Oliver Rocos | Ryan M. Roper |
|    orocos@birdmarella.com | State Bar No. 24098347 |
| Admitted *Pro Hac Vice* | ryan.roper@kellyhart.com |
| Naomi S. Solomon | **KELLY HART & HALLMAN LLP** |
|    nsolomon@birdmarella.com | 201 Main Street, Suite 2500 |
| Admitted *Pro Hac Vice* | Fort Worth, Texas 76102 |
| **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.** | Telephone: (817) 332-2500 |
| | Facsimile: (817) 878-9280 |
| 1875 Century Park East, 23rd Floor | |
| Los Angeles, California 90067-2561 | |
| Telephone: (310) 201-2100 | |
| Facsimile: (310) 201-2110 | |

**ATTORNEYS FOR ANGELS BASEBALL, LP**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system for the U.S. District Court, Northern District of Texas, which will generate service to all counsel of record and interested parties.

*s/ Ariel A. Neuman*
Ariel A. Neuman