IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:20–CR–269–Y-1 |
| | § | |
| ERIC PRESCOTT KAY | § | |

### LOS ANGELES TIMES COMMUNICATIONS LLC'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE JUDICIAL RECORDS

The Government has filed in tandem (1) its Response in Opposition to the Los Angeles Times Communications LLC's (the "Los Angeles Times'") Motion to Unseal Judicial Records, and (2) a Motion to Strike its own witness and exhibit lists—two of the judicial records sought by the Los Angeles Times' Motion to Unseal Judicial Records.

The Government's Motion to Strike is a thinly veiled attempt to perpetually seal from the public judicial records that it created last year. Under Fifth Circuit precedent, to overcome the public and the press's First Amendment and common law rights to access judicial records, the Government must demonstrate that the sealing it requests is necessary to further compelling countervailing interests. Because the Government's Motion to Strike failed to do so, the Court should deny the Government's Motion to Strike, without prejudice to refiling after the Los Angeles Times' Motion to Unseal Judicial Records has been adjudicated.[1]

---

[1] The Government failed to confer with attorneys for the Los Angeles Times before filing its Motion to Strike. The Government's Motion is aimed at thwarting the Los Angeles Times' ability to secure the relief sought by its Motion to Unseal Judicial Records—the unsealing of the Government's witness and exhibit lists. In fact, the Government's Response in Opposition to the Los Angeles Times' Motion to Unseal Judicial Records argues that the relief sought by the Los Angeles Times "can be denied as moot" because of the Government's Motion to Strike. [Dkt. 97 at 4–5]. In addition, the Government represented to the Court that it "does not oppose the Los Angeles Times's Motion to Intervene for the limited purpose articulated in its motion," [Dkt. 97 at 2 n.1], and the Los Angeles Times' Motion to Intervene states that it sought to "intervene in this case for the limited purpose of seeking the unsealing of judicial records," including "the government's witness and exhibit lists." Thus, under Local Criminal Rule 47.1(a), the Los Angeles Times is a party "affected by the requested relief" in the Government's Motion to Strike, and the

### A. The Government's Motion to Strike fails to state the appropriate legal standard.

As the Fifth Circuit recently explained in *Binh Hoa Le v. Exeter Finance Corporation*, two distinct legal standards are applicable when a party seeks to exercise its right to access judicial records:

> The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies "[o]nce a document is filed on the public record"—when a document "becomes a 'judicial record.'"

990 F.3d 410, 419 (5th Cir. 2021) (Willett, J.) (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)). Under both standards, the presumption "is that judicial records should not be sealed." *Id.* (citation omitted). Moreover, the sealing "of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by *compelling countervailing interests* favoring nondisclosure." *Id.* at 421 (emphasis added). Because the Government essentially seeks permanent sealing of its filings—through the striking of those judicial records and their removal from the docket—it must meet the second, stricter standard.

### B. The Government's Motion to Strike is a backdoor attempt to secure the perpetual sealing of judicial records without articulating any compelling countervailing interests that require nondisclosure.

Last year, the Government filed its witness and exhibit lists in this case—when it did so, those lists became judicial records. *See, e.g., id.* at 419 (observing that documents become judicial records once they are filed with a court). Thus, the public and the press possess a presumptive right to access those documents, which the Government can only rebut by demonstrating that

---

Government should have conferred with the Los Angeles Times' counsel before filing its Motion. The Court has ordered other pleadings stricken and refiled for failure to confer. *See* [Dkt. 98–100].

sealing the records is "congruent to the need[s]" of "compelling countervailing interests favoring nondisclosure." *Id.* at 420–21.

In other filings, the Government insists that it has "no[t] request[ed] that [its own witness and exhibit] lists be sealed in perpetuity . . . ." [Dkt. 97 at 8]. But that is *exactly* what the Government seeks to achieve with its Motion to Strike, which "requests that the Court strike the government's witness list (Dkt. 86) and exhibit list (Dkt. 87) from the current court record and docket." [Dkt. 96 at 2]. In other words, the Government is asking the Court to make the filings "disappear" from the case file, forever. The Government's purported rationale for its Motion to Strike is that, in light of a trial continuance and changes to its anticipated methods of proof, "the government's currently filed witness list and exhibit list are moot and . . . [t]he government will file a [new] witness list and an exhibit list" before trial. [*Id.*].

The Government can amend or supplement its witness and exhibit lists without asking the Court to strike its current lists from the judicial record. Moreover, the Government has not identified—and counsel has been unable to locate—another instance of the Government seeking to strike its own witness or exhibit lists from the Court's judicial record to accomplish what a supplementation or amendment would otherwise be sufficient to achieve. Considered in conjunction with the timing of the Government's Motion to Strike—it was filed as augmentation to the Government's response to the Los Angeles Times' motion to unseal the exact documents that the Government now asks the Court to strike from its judicial record—the Government's Motion to Strike cannot be reasonably understood as anything other than an attempt to secure, in all but name, a perpetual sealing of the Government's current witness and exhibit lists. In the absence of compelling countervailing interests, which the Government's Motion to Strike fails to

articulate, granting the Government's Motion would infringe the public's and the Los Angeles Times' First Amendment and common law rights to access these judicial records.

\*        \*        \*

Given the context in which it was filed, the Government's Motion to Strike should be seen for what it is: a sleight-of-hand attempt to perpetually seal judicial records that the Government created last year. Because the Government's Motion to Strike does not assert any compelling countervailing interests, the Los Angeles Times respectfully requests that the Court deny it, without prejudice to refiling after the Los Angeles Times Motion to Unseal Judicial Records has been adjudicated.

Respectfully submitted,

*/s/ James A. Hemphill*
James A. Hemphill
Texas State Bar No. 00787674
jhemphill@gdhm.com
Christopher C. Cyrus
Texas State Bar No. 24097110
ccyrus@gdhm.com

GRAVES, DOUGHERTY, HEARON & MOODY P.C.
401 Congress Avenue, Suite 2700
Austin, TX  78701-3790
Telephone:    (512) 480-5704
Fax:                (512) 480-5804

ATTORNEYS FOR LOS ANGELES TIMES COMMUNICATIONS LLC

## CERTIFICATE OF SERVICE

  I hereby certify that on January 21, 2022, a true and correct copy of the foregoing document was served on the following counsel of record via the Court's electronic service process.

Lindsey E Beran
Jonathan Glen Bradshaw
Joseph T. Lo Galbo
Errin Martin
UNITED STATES ATTORNEY'S OFFICE
1100 Commerce Street, Suite 300
Dallas, Texas 75242
lindsey.beran@usdoj.gov
Jonathan.bradshaw@usdoj.gov
joseph.lo.galbo@usdoj.gov
errin.martin@usdoj.gov

Michael D Anderson
John H. Cayce, Jr.
Ryan Roper
KELLY HART & HALLMAN
201 Main Street, Suite 2500
Fort Worth, Texas 76102-3194
michael.anderson@kellyhart.com
john.cayce@kellyhart.com
ryan.roper@kellyhart.com

Philip H Hilder
Stephanie K. McGuire
Quentin Tate Williams
HILDER & ASSOCIATES PC
819 Lovett Blvd
Houston, Texas 77006-3905
philip@hilderlaw.com
stephanie@hilderlaw.com
tate@hilderlaw.com

Michael Alessandro Molfetta
MOLFETTA LAW
3070 Bristol Street, Suite 580
Costa Mesa, California 92626
michael@michaelmolfettalaw.com

Ariel A Neuman
Oliver Rocos
Naomi S. Solomon
Nicole Rodriguez Van Dyk
BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
aneuman@birdmarella.com
orocos@birdmarella.com
nsolomon@birdmarella.com
nrv@birdmarella.com

William Reagan Wynn
REAGAN WYNN LAW, PLLC
5049 Edwards Ranch Rd., Floor 4
Fort Worth, Texas 76109
rw@reaganwynn.law


/s/ Christopher C. Cyrus