IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No.   4:20-CR-269-Y |
| ERIC PRESCOTT KAY | |

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS[1]

1. If an addict commits a criminal act, does anyone think that the addict should not be held accountable for their actions or the consequences of their actions?

2. In criminal cases there are times when individuals may have been involved in the alleged underlying criminal activity, but reach an agreement with the government that the information they provide to the government will not be used against them in a court of law. This process is allowed in the federal criminal justice system. In the event such persons are called as witnesses in this case, is there any member of the panel who would automatically reject the testimony of such a witness merely because of the agreement they have struck with the government?

3. Have you, a family member, or a friend developed an addiction to pain medication, either after a physician prescribed it or after recreational use?

4. This case involves a drug called fentanyl. Fentanyl is a powerful opioid

---

[1] The government recognizes that the Court's Scheduling Order did not require proposed voir dire questions, but to the extent the Court may consider asking the panel questions proposed by the parties, the government files these proposed questions.

**Government's Proposed
Voir Dire Questions – Page  1**

that does have legitimate medical uses in controlled medical environments, but it can be illegally purchased or obtained. Does anyone here believe that if someone buys drugs illegally they are taking a risk, and if they overdose and die, they knowingly took the risk and essentially the death is their fault?

5. Would anyone consider themselves to be an avid Major League Baseball fan? Similarly, is there anyone who feels so strongly about professional athletes or professional athletic organizations that they would be unable to hold a member of a professional sports organization accountable or responsible for their actions?

6. In this case, the defendant is charged with distributing a controlled substance. The government also alleges that death resulted from that distribution. The law does not require the government to prove that the defendant meant for death to result from the distribution. Would anyone require the government to prove that a defendant intended that a person die from the distribution to find him guilty of a distribution resulting in death?

7. Does any member of the panel believe that too many man-hours, too much money or government effort, or too many resources are spent in the investigation or enforcement of federal laws involving drugs or drug distribution?

8. Your duty, as jurors, is to decide guilt or innocence based upon the evidence and my instructions to you as to the law which you must apply in your deliberation. Your own views as to whether a particular law or rule of evidence is right or wrong cannot play any part in your deliberations and review of the evidence. Is there anyone who feels that they cannot accept my instructions on the law and apply those instructions in your

**Government's Proposed**
**Voir Dire Questions – Page 2**

consideration of evidence?

9. It is my duty, as judge, to determine punishment if you find, after considering the evidence and my instructions as to the law you must apply, that the defendant is guilty of one or more of the crimes alleged in the indictment. The law does not permit you to consider punishment, sympathy, prejudice, or public opinion in reaching your verdict. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Please raise your hand if you feel that concerns about punishment or feelings of sympathy for the defendant might influence you in deciding the guilt or innocence of the defendant.

Respectfully submitted,

CHAD E. MEACHAM
United States Attorney

*s/ Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
JOSEPH LO GALBO
Assistant United States Attorney
New Jersey Bar No. 0724520141100
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600

**Government's Proposed
Voir Dire Questions – Page 3**