IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA, §
§
v. §    CRIMINAL NO. 4:20-CR-269-Y
§
ERIC PRESCOTT KAY (01) §

### DEFENDANT'S OBJECTIONS TO GOVERNMENT'S REQUESTED JURY INSTRUCTIONS AND DEFENDANT'S REQUESTED INSTRUCTIONS

TO THE HONORABLE TERRY R. MEANS,
SENIOR UNITED STATES DISTRICT JUDGE FOR THE
NORTHERN DISTRICT OF TEXAS

Pursuant the Court's Order, Defendant submits the attached

Proposed Jury Instructions. Unless otherwise noted, all instructions

are drawn from the 2019 Fifth Circuit Pattern Jury Instructions.

Respectfully Submitted,

/s/ Michael A. Molfetta
Michael A. Molfetta
California Bar Number: 151992
Molfetta Law
3070 Bristol Street, Suite 580
Costa Mesa, California 92626
Telephone: (949) 391-2399
michael@michaelmolfettalaw.com

/s/ Wm. Reagan Wynn
Wm. Reagan Wynn

Texas State Bar Number:  00797708
Reagan Wynn Law, PLLC
5049 Edwards Ranch Rd, Floor 4
Fort Worth, Texas  76109
Telephone: (817) 900-6800
rw@reaganwynn.law

**ATTORNEYS FOR ERIC PRESCOTT KAY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I electronically filed the foregoing document using the Court's CM/ECF system, thereby effecting service on attorneys of record.

*/s/ Wm. Reagan Wynn*
WM. REAGAN WYNN

## ***PRELIMINARY STATEMENT***

Defendant Eric Prescott Kay, by and through undersigned counsel, proposes the following changes and instructions to the Government's Requested Jury Instructions. Where applicable, instructions proposed by the Government are copied herein with modifications and authority for the modifications noted at the end of each proposed instruction. Additionally, pattern and other instructions not proposed by the Government are included herein, along with citations to the Pattern Jury Instructions (Criminal Cases), 2019 Edition, promulgated by the United States Court of Appeals for the Fifth Circuit. Where applicable, citations to other authorities for non-pattern instructions are noted. Absent inclusion herein, Defendant does not object to the instructions proposed by the Government. Defendant's proposed modifications to the Government's proposed instructions are noted in ~~strikethrough~~ and/or **bold** text; proposed additions are noted in **<span style="color:red">bold redline</span>** text.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

## 1.01 Preliminary Instructions

Defendant does not object to the following sections of the Government's requested Preliminary Instructions:  Duty of the Jury, Evidence, Rules for Criminal Cases, Conduct of the Jury, and Course of the Trial.

In the section of the Government's requested Preliminary Instructions regarding **Summary of the Applicable Law**, Defendant requests the Court include the venue allegations from the Superseding Indictment[1] by adding the following language immediately following the paragraph on page 9 of the Government's requested instructions in which the elements of each offense that must be proven beyond a reasonable doubt are set out:

---

[1] Defendant believes venue will be a contested issue with regard to both counts of the Superseding Indictment. *See, e.g., United States v. Zamora*, 661 F.3d 200, 208 (5th Cir. 2011) ("The failure to instruct on venue is reversible error when trial testimony puts venue in issue and the defendant requests the instruction . . .'' (citations and quotations omitted).

**Further, for you to find the defendant guilty of these crimes, you must be convinced that the Government has proven the venue allegations in the Superseding Indictment by Preponderance of the Evidence:[2]**

**Venue - Count One[3]**

**That either the agreement or an overt act took place in the Northern District of Texas. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.**

**Venue - Count Two**

---

[2] *See, e.g.*, *United States v. Strain*, 396 F.3d 689, 692 n.3 (5th Cir. 2005) ("[T]he prosecution's burden of proof in establishing venue differs from the burden of proving other elements. The prosecution need only show the propriety of venue by a preponderance of the evidence, not beyond a reasonable doubt.").

[3] 5TH CIR. PATTERN JURY INSTRUCTIONS (CRIMINAL) 1.20 (2019).

**That the defendant's distribution of fentanyl, if any, occurred in the Fort Worth Division of the Northern District of Texas.**

Additionally, Defendant requests the following additions to the final paragraph of the **Summary of Applicable Law** section with regard to the death allegation in Count Two:[4]

If you find the defendant guilty of Count Two, you must next determine whether the government has proved beyond a reasonable doubt that T.S.'s death resulted from the use of said fentanyl—that is, that but for T.S.'s use of the **specific** fentanyl **distributed by the defendant**, T.S. would not have died.

---

[4] *See Burrage v. United States*, 571 U.S. 204, 219 (2014).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5.

## 1.05 Presumption of Innocence, Burden of Proof, Reasonable Doubt

Defendant requests the following be inserted between the first and second paragraphs appearing on page 16 of the Government's Proposed Instructions:[5]

**In other words, I instruct you the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt the defendant is guilty, the presumption alone is sufficient to find the defendant not guilty.**

---

[5] *See United States v. Walker*, 861 F.2d 810, 813 (5th Cir. 1988) (discussed in Note to 5TH CIR. PATTERN JURY INSTRUCTIONS (CRIMINAL) 1.05 (2019).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

## 1.43 "Willfully" — to Act

Defendant requests the following be inserted following the single paragraph appearing on page 36 of the Government's Proposed Instructions:[6]

**"Willfully" connotes a higher degree of criminal intent than knowingly. "Knowingly" requires proof of knowledge of the facts that constitute the offense. "Willfully" requires proof that the defendant acted with knowledge that his or her conduct violated the law.**

---

[6] *See* 5TH CIR. PATTERN JURY INSTRUCTIONS (CRIMINAL) 1.43 (2019); *Bryan v. United States*, 118 S. Ct. 1939, 1945 (1998); *United States v. Fountain*, 277 F.3d 714 (5th Cir. 2001).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26

## 1.20 Venue—Conspiracy

Defendant requests the following be inserted following the two paragraphs on page 44 of the Government's proposed instructions:[7]

**If the Government failed to prove by a preponderance of the evidence that either the agreement or an over act took place in the Northern District of Texas, you must acquit the defendant and say by your verdict "not guilty."**

---

[7] Venue is an issue for the jury. *See United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984) ("Whether venue has been properly proved is a jury question."). However, because it must only be proven by a preponderance of the evidence, the general instructions concerning the jury's duty to find a defendant not guilty if the Government does not prove another element beyond a reasonable doubt do not apply to venue as written. As such, without the requested instruction, there would be nothing in the jury instructions directing the jurors how a finding the Government has not proven venue by a preponderance of the evidence would be reflected in their verdict.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27

## COUNT TWO

### Distribution of a controlled substance resulting in death (Violation of 21 USC § 841(a)(1))

Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone knowingly or intentionally to distribute a controlled substance.

Fentanyl is a controlled substance within the meaning of this law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:       That the defendant knowingly or intentionally distributed a controlled substance; and

Second:   That the substance was in fact a mixture or substance containing a detectable amount of fentanyl.

The government must prove beyond a reasonable doubt that the defendant knew he ~~**possessed**~~ **distributed**[8] a controlled substance but need not prove that the defendant knew that fentanyl was involved.

To "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical. To "deliver" means the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship.

---

[8] Conviction of the offense alleged in the Superseding Indictment requires proof of "distribution" rather than "possession."

If you find that the defendant, Eric Kay, is guilty of the offense charged in Count Two, you must further determine whether the government has proved beyond a reasonable doubt that T.S.'s death resulted from the use of the fentanyl. Your answer to this question must also be unanimous. To prove that T.S.'s death resulted from the use of the fentanyl, the government must prove beyond a reasonable doubt that but for T.S.'s use of the **specific** fentanyl **distributed by the defendant**,[9] T.S. would not have died.

~~An event might have many but-for causes. Even when many factors converge to cause a result, one of those single factors will still be considered a but-for cause so long as the result would not have occurred in its absence.~~

---

[9] *See Burrage v. United States*, 571 U.S. 204, 219 (2014).

~~For example, if a defendant's actions had merely sprained a person's hand, making him go to the hospital, and the hospital exploded from a gas leak, the defendant's actions would still have been a but-for cause of the person's death. But for his sprained hand the person would not have gone to the hospital.~~[10]

---

[10] Defendant objects to these two proposed paragraphs on the grounds that, in the context of a causing death allegation under the restrictions set out in *Burrage*, the additional instruction and example are confusing and could be interpreted so as to lower the Government's burden to prove that the specific controlled substance delivered by the defendant was the but-for cause of death. Additionally, Defendant submits both *United States v. Gaspar-Felipe*, 4 F.4th 330 (5th Cir. 2021), and *United States v. Salinas*, 918 F.3d 463 (5th Cir. 2019) are inapposite as are not jury instruction cases, but rather cases in which the Fifth Circuit interpreted the general but-for causation requirement of U.S.S.G. § 1B1.3 in the context of determining whether a sentencing enhancement applied in an illegal alien smuggling case.

GOVERNMENT'S PROPOSED VERDICT FORM

With regard to the causing death special issue, Defendant requests the verdict form read as follows:[11]

If you have found the defendant, Eric Kay, guilty of Count Two, you must answer the following question: Do you find beyond a reasonable doubt that T.S.'s death resulted from the use of the **specific** fentanyl **distributed by the defendant**.

---

[11] *See Burrage v. United States*, 571 U.S. 204, 219 (2014).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

## Venue—Distribution

Defendant requests the following be inserted immediately following Government's Proposed Jury Instruction No. 27:[12]

**Count Two of the Superseding Indictment alleges that the defendant distributed fentanyl in the Fort Worth Division of the Northern District of Texas. Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Fort Worth Division of the Northern District of Texas. All other elements of the offense must be proven beyond a reasonable doubt. You are instructed that Tarrant County is located in the Fort Worth Division of the Northern District of Texas.**

---

[12] *See* 5TH CIR. PATTERN JURY INSTRUCTIONS (CRIMINAL) 1.20 (2019); *United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984) ("Whether venue has been properly proved is a jury question. . . . The prosecution need only show the propriety of venue by a preponderance of the evidence, not beyond a reasonable doubt.").

**If the Government failed to prove by a preponderance of the evidence that the defendant distributed fentanyl in the Fort Worth Division of the Northern District of Texas, you must acquit the defendant and say by your verdict "not guilty."[13]**

---

[13] *See* note 7 *supra*.