IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 4:20-CR-269-Y |
| V. | ECF |
| ERIC PRESCOTT KAY | |

### GOVERNMENT'S PROPOSED ADDITION TO REQUESTED JURY INSTRUCTIONS[1]

The government previously filed requested jury instructions in this matter on February 1, 2022. (Dkt. 106).  The Court's original scheduling order states that "if supplemental instructions become necessary due to the nature of the evidence produced at trial, they must be filed and served as soon as reasonably possible after the necessity of the supplemental instructions becomes apparent."  (Dkt. 16.)   In light of certain statements made and questions asked by defense counsel and the defendant's objections and additions to the government's proposed jury instructions, the government anticipates the defendant will argue that venue is not appropriate in the Northern District of Texas, Fort Worth Division for a number of reasons, including because the pills were distributed in another jurisdiction or on the airplane en route to the Northern District of Texas. Accordingly, the government submits the below additional proposed jury instruction, noted in red font:

---

[1] The government previously filed requested jury instructions in this matter on February 1, 2022.  (Dkt. 106.)

1

PROPOSED JURY INSTRUCTION NO. 26

### 1.20 Venue—Conspiracy and Distribution[2]

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Northern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Tarrant County is located in the Northern District of Texas and further instructed that Dallas-Fort Worth International Airport is located in Tarrant County and Dallas County.

---

[2] The defendant requested a venue instruction for distribution. The government proposes including one venue instruction, as modified above, for both conspiracy and distribution. This instruction merges venue for both counts, in light of Fifth Circuit case law that distribution is a continuing offense. *See United States v. Solis*, 299 F.3d. 420, 445 n.76 (5th Cir. 2002); *United States v. Davis*, 666 F.2d 195, 199 (5th Cir.1982) (noting that possession with intent to distribute is a continuing offense under 18 U.S.C. § 3237). *See also United States v. Tingle*, 183 F.3d 719, 727 (7th Cir.1999) ("Distribution of drugs can be a continuing offense, and thus governed by § 3237(a) for purposes of venue, where there are multiple acts of the defendant which constituted distribution."); *United States v. Brunty*, 701 F.2d 1375, 1380–81 (11th Cir.1983) (holding that distribution is a continuing offense). *See also* Fifth Circuit Pattern Jury Instruction 1.20 (5th Cir. 2019).

You are instructed that for purposes of determining venue, when an offense is begun in one district and completed in another, venue is proper in any district in which the offense was begun, continued, or completed.[3] With respect to airplane travel, venue is proper in any district through which the defendant traveled, including the district in which the airplane landed.[4] You are further instructed that circumstantial evidence alone is sufficient to establish venue.[5]

---

[3] 18 U.S.C. § 3237(a); *United States v. Solis*, 229 F.3d 420, 444-45 (5th Cir. 2002).
[4] *United States v. Cope*, 676 F.3d 1219, 1225 (10th Cir. 2012); *United States v. Breitweiser*, 357 F.3d 1249, 1253-54 (11th Cir.); *United States v. Lozoya*, 982 F.3d 648, 653-54 (2020) ("For decades, and since Congress federalized certain offenses committed in the air, federal offenders have been prosecuted and tried in the landing districts. Venue in the landing district is plainly sensible: it is where arrests are made and witnesses interviewed, and is often the defendant's residence or travel destination. In our research, we found examples of landing district venue in every circuit except the D.C. Circuit (the District of Columbia has no commercial airports), and discovered no court that has prohibited venue in the landing district.") (collecting cases, including *United States v. Stewart*, Cause No. 4:02-cr-00046-Y-1, N.D. Tex. 2002).
[5] *Solis,* 229 F.3d at 445.

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

*s/ Lindsey Beran*
LINDSEY BERAN
Assistant United States Attorney
Texas State Bar No. 24051767
1100 Commerce Street,
Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Email: Lindsey.Beran@usdoj.gov

*s/ Errin Martin*
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street,
Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Email: Errin.Martin@usdoj.gov

*s/ Joseph Lo Galbo*
JOSEPH LO GALBO
Assistant United States Attorney
New Jersey Bar No. 0724520141100 1100
Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
Email: Joseph.Lo.Galbo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2022, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system served Michael Alessandro Molfetta and William Reagan Wynn, counsel for Kay.

*s/ Lindsey Beran*
Lindsey Beran
Assistant United States Attorney

## Required Certification

I, Lindsey Beran, certify that I have carefully read the foregoing proposed additional charge of the Court and that it is, to the best of my knowledge and ability, free of error both in form and substance.

Date: February 13, 2022

*s/ Lindsey Beran*
Signature of attorney
