IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 4:20-CR-269-Y

ERIC PRESCOTT KAY

## CHARGE OF THE COURT

### Introduction to Final Instructions

Members of the jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### Duty to Follow Instructions

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute

1

or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

The superseding indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

In other words, I instruct you that the defendant must be presumed by you to be innocent as you commence your deliberations and must remain so until such time, if ever, you as a jury unanimously are satisfied that the government has proven him guilty beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt that the defendant is guilty, this presumption of innocence alone is a sufficient basis to find the defendant not guilty.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful

2

and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

### Evidence—Excluding What Is Not Evidence

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their respective sides of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that control in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**Evidence—Inferences—Direct and Circumstantial**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each witness had to say, and how important

4

that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### Impeachment by Prior Inconsistencies

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may not consider the earlier statements to prove that the

5

content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness. If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

### Accomplice – Immunity

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant for immunity from punishment, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

### Witness's Use of Addictive Drugs

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

6

## Expert Opinion Testimony

During the trial you heard the testimony of certain witnesses who purport to be experts in their respective fields. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## On or About

You will note that the superseding indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on dates reasonably near the dates stated in the superseding indictment.

With respect to the conspiracy charged in count one, the government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near 2017 through July 2019, the dates stated in the superseding indictment.

With respect to the distribution of a controlled substance resulting death, the crime charged in count two, the government does not have to prove that the crime was committed

7

on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near June 30, 2019, the date stated in the superseding indictment.

### Caution—Consider Only Crime Charged

You are here to decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the superseding indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

### Caution—Punishment

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

### Single Defendant—Multiple Counts

A separate crime is charged in each count of the superseding indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to the other.

### Possession

Possession, as that term is used in this case, may be of two kinds: actual possession or constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it. A person who, although not in actual possession,

knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## "Knowingly"—to Act

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## "Willfully"—to Act

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids—that is to say, with bad purpose either to disobey or disregard the law.

## Summaries and Charts Not Received in Evidence

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

## Summaries and Charts Received in Evidence Pursuant to
## Federal Rule of Evidence 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve. The underlying records are the best evidence of what occurred.

## Summary Witness Testimony and Charts Based on Other Evidence

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits that are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

## COUNT ONE

## Conspiracy to Possess with Intent to Distribute a Controlled Substance
## (Violation of 21 U.S.C. § 846)

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant is charged with conspiring to possess with intent to distribute a controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member

10

becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:         That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance;

Second:     That the defendant knew of the unlawful purpose of the agreement; and

Third:        That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

The defendant is charged with conspiring to violate Title 21 U.S.C. § 841(a).  The elements of 21 U.S.C. § 841(a) are:

First:         That the defendant knowingly possessed a controlled substance;

Second:     That the substance was in fact oxycodone or fentanyl; and

Third:        That the defendant possessed the substance with the intent to distribute it.

Oxycodone and fentanyl are controlled substances within the meaning of this law.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.  The government must prove beyond a reasonable doubt that the defendant knew he possessed a controlled substance but need not prove that the defendant knew what particular controlled substance was involved.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant under-stands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that

plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## Venue—Conspiracy

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Northern District of Texas. But in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, and if it fails to do so, you must find the defendant not guilty. An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need

not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas. All other elements of the offense must be proven beyond a reasonable doubt. You are instructed that Tarrant and Dallas Counties are located in the Northern District of Texas, and the Dallas-Fort Worth International Airport is located in the Northern District of Texas.

## COUNT TWO

### Distribution of a controlled substance resulting in death
### (Violation of 21 U.S.C. § 841(a)(1))

Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone knowingly or intentionally to distribute a controlled substance.

Fentanyl is a controlled substance within the meaning of this law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:    That the defendant knowingly or intentionally distributed a controlled substance; and

Second:    That the substance was in fact a mixture or substance containing a detectable amount of fentanyl.

The government must prove beyond a reasonable doubt that the defendant knew he distributed a controlled substance but need not prove that the defendant knew that fentanyl was involved.

To "distribute" means to deliver a controlled substance or a listed chemical. To "deliver"

13

means the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship.

If you find that the defendant, Eric Kay, is guilty of the offense charged in count two, you must further determine whether the government has proven beyond a reasonable doubt that Tyler Skaggs's death resulted from the use of the fentanyl. Your answer to this question must also be unanimous. To prove that Skaggs's death resulted from the use of the fentanyl, the government must prove beyond a reasonable doubt that but for Skaggs's use of the specific fentanyl distributed by the defendant, Skaggs would not have died.

An event might have more than one but-for causes. Even when many factors converge to cause a result, one of those single factors could still be considered a but-for cause so long as the result would not have occurred in its absence.

### Venue—Distribution

Count two of the superseding indictment alleges that the defendant distributed fentanyl in the Fort Worth division of the Northern District of Texas. Unlike the other elements of the offense, this is a fact that the government must prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that the distribution took place in the Fort Worth division of the Northern District of Texas, and if it fails to do so, you must find the defendant not guilty. All other elements of the offense must be proven beyond a reasonable doubt. You are instructed that Tarrant and Dallas Counties are in the Northern District of Texas, and that Tarrant County and the Dallas-Fort Worth International Airport are located in the Fort Worth division of the Northern District of Texas.

## Duty to Deliberate

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count in the superseding indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. You must individually decide the case for yourselves, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. The presiding juror will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty. At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your deliberations, the presiding juror should

15

write the message on one of the forms provided in the jury room and give it to the court security officer.  I will either reply in writing or bring you back into the courtroom  to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the superseding indictment, until after you have reached a unanimous verdict.

SIGNED February 17, 2022.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE