IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-269-Y |
| | § | |
| ERIC PRESCOTT KAY (01) | § | |

### *DEFENDANT'S FIRST AMENDED MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL*

TO THE HONORABLE TERRY R. MEANS
SENIOR UNITED STATES DISTRICT JUDGE FOR THE
NORTHERN DISTRICT OF TEXAS

COMES NOW, **ERIC PRESCOTT KAY (1)**, Defendant, by and through his attorneys of record, MICHAEL A. MOLFETTA and WM. REAGAN WYNN, and, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, files this Motion for Judgment of Acquittal and Motion for New Trial. In support thereof, Defendant would show the Court the following:

### I. Procedural Background

After the close of evidence, Defendant moved for a judgment of acquittal arguing the evidence was insufficient to support a verdict of guilty beyond a reasonable doubt as to both counts in the superseding indictment as well as with regard to the "causing

death" allegation in Count Two. Additionally, Defendant argued the evidence was insufficient to establish by preponderance of the evidence that either of the alleged offenses were committed in the Northern District of Texas. This Court denied the motion. The jury returned verdicts of "guilty" on Counts One and Two as well as an affirmative finding to the "causing death" special issue concerning count Two on February 17, 2022.

## II.  Standard for Ruling on Rule 29 Motion

The standard to be employed by a trial judge in ruling on a Rule 29 motion is the same as that employed by an appellate court in determining legal sufficiency of the evidence. *United States v. Hernandez-Bautista*, 293 F.3d 845, 852-53 (5th Cir. 2002). The trial court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (emphasis in original); *United States v. Harris*, 420 F.3d 467, 470 (5th Cir. 2005); *Hernandez-Bautista*, 293 F.3d at 852-53. This Court must consider the evidence in the light most favorable to the government by drawing all reasonable inferences in support of the verdict. *Id.*; *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998). A

conviction must be reversed if the evidence is such that a reasonably minded jury must have a reasonable doubt as to the existence of any element of the crime, or the evidence gives equal or nearly equal circumstantial support to a theory of guilt as to a theory of innocence of the crime charged. *Harris*, 420 F.3d at 471; *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995), *cert. denied*, 516 U.S. 1082 (1996); *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir.), *cert. denied*, 514 U.S. 1134 (1995); *Hernandez-Bautista*, 293 F.3d at 853.

In ruling on a motion for acquittal, the role of the district judge is not to weigh evidence or to consider the credibility of the witnesses, but rather to determine whether the government has presented evidence on each element sufficient to support a jury verdict. *United States v. Chavez*, 230 F.3d 1089, 1091 (8th Cir. 2000). The court must view the evidence as a whole; it is not limited to drawing inferences from the evidence in favor of the verdict but must consider whether the evidence supports a theory of innocence. *United States v. Schuchmann*, 84 F.3d 752, 754 (5th Cir. 1996); *United States v. Belt*, 574 F.2d 1234, 1239 (5th Cir. 1978); *United States v. Harris*, *supra*. If the evidence viewed in the light

most favorable to the prosecution "gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, the conviction should be reversed." *See, e.g., Schuchmann*, 84 F.3d at 754(quoting *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir. 1994)). The Court is required to grant a motion for acquittal "when the evidence viewed in the light most favorable to the Government is so scant that the jury could only speculate as to Defendant's guilt. The test is whether a reasonably minded jury must have had a reasonable doubt as to the existence of any of the essential elements of the crime…" *United States v. Herberman*, 583 F.2d 222, 231 (5th Cir. 1978).

### III. Rule 29 Motion for Judgment of Acquittal: Insufficient Evidence as to Counts One and Three

At the close of the of all evidence, Defendant moved for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(a). Defendant hereby adopts and re-urges in support of this Motion all the previously made factual and legal arguments made in support of the oral Rule 29(a) motion.

In particular, even considering the evidence in the light most favorable to the Government, no reasonable juror could conclude the Government proved by a preponderance of the evidence that

any part of the agreement constituting the conspiracy or an affirmative act in furtherance thereof was committed in the Northern District of Texas.

Further, there was no evidence from which any rational juror could conclude the Government had proven beyond a reasonable doubt that "but for" the ingestion of a substance delivered by the Defendant, Tyler Skaggs would not have died.

## VI.  Rule 33 Motion for New Trial

When considering a motion for new trial, the power of the Court is broader than when considering a Rule 29 motion for judgment of acquittal. WRIGHT, FEDERAL PRACTICE AND PROCEDURE, CRIMINAL 3d., § 553, p. 467 (citing *Tibbs v. Florida*, 457 U.S. 31, 37 (1982)). In the context of Rule 33, a court may weigh the evidence and consider the credibility of witnesses. *Id.* If the Court reaches the conclusion the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict is set aside, and a new trial granted. *Id.* at 468. The Fifth Circuit has ruled a new trial should be granted when "the evidence preponderates heavily against the verdict." *United States v. Sinclair*, 438 F.2d. 50, 51 n.1 (5th Cir. 1971) (quoted in *United States v. Arnold*,

416 F.3d. 349, 360 (5th Cir. 2005)). A court may grant a new trial in the interest of justice. FED. R. CRIM. P. 33(a); *United States v. Arnold*, 416 F.3d at 360. Any error serious enough to require reversal on appeal is an adequate ground for granting a new trial. WRIGHT, *supra* § 556, p. 530. These grounds may include instructions to the jury. *See United States v. Eastern Medical Billing, Inc.*, 230 F.3d. 600, 614 (3rd Cir. 2000); WRIGHT, *supra* § 556.

Defendant adopts and incorporates each of the arguments made herein in support of his Motion for Judgment of Acquittal and re-urges them in support of his Motion for New Trial pursuant to FED. R. CRIM. P. 33. In particular, Defendant respectfully submits this Court should conclude the evidence preponderates heavily against the jury's verdict with regard to the "causing death" allegation related to Count Two and also to the venue allegations in both Counts One and Two.

Additionally, Defendant respectfully submits the Court's charge was erroneous.[1] In the written Charge of the Court read in open court and provided to the jury with regard to the issue of venue relating to the 21 U.S.C. § 846 narcotics conspiracy alleged in Count One, the Court instructed the jury *inter alia*:

> But in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, and if it fails to do so, you must find the defendant not guilty. An overt act is an act performed to effect the object of a conspiracy, although

---

[1] Defendant neither objected to this portion of the Court's written charge nor requested any additional instruction when given the opportunity to do so on February 16, 2022. Following conclusion of the Government's rebuttal closing argument, this matter was submitted to the jury for decision at approximately 11:30 a.m. on February 17, 2022. Shortly thereafter, the jury announced it would be going to lunch until 1:00 p.m. and the Court recessed until that time. During the lunch hour, while discussing the Government's closing argument, undersigned counsel determined the charge should have contained language to satisfy the requirements of *Grunewald v. United States*, 353 U.S. 391 (1957), and its progeny. At approximately 1:30 p.m., undersigned counsel brought their concerns to the attention of the Court and counsel for the Government and requested a supplemental jury instruction. The Court directed undersigned counsel to file a written request for supplemental jury instructions. While undersigned counsel was in the process of drafting the requested supplemental jury instruction, at approximately 2:24 p.m., the jury sent out a note announcing it had reached verdicts. Therefore, undersigned counsel did not complete drafting or filing the requested supplemental instruction.

it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

There is evidence in the record indicating that, on the afternoon of July 1, 2019, and thereafter — subsequent to the discovery that T.S. was deceased — Defendant engaged in the following "acts of concealment": (a) made allegedly false statements to the Southlake Police Department concerning his knowledge of T.S.'s narcotics use and the last time he allegedly saw T.S. prior to death; (b) had several communications with "Ashley Smith," a person alleged to be a source of supply to Defendant for purposes of the underlying conspiracy; and (c) allegedly had a conversation with M.H. , a potential co-conspirator, concerning the need to "stay together." It is undisputed all of these alleged "acts of concealment" were committed in the Northern District of Texas. Further there was no evidence presented of any act in furtherance of the alleged conspiracy occurring after the alleged "acts of concealment."

During the rebuttal portion of its closing argument, the Government argued the "acts of concealment" discussed above could be considered by the jury to be "in furtherance of the object

of the conspiracy" for purposes of the venue allegation related to Count One.

Whether acts of concealment qualify as overt acts in furtherance of a conspiracy depends on when the acts occurred: before or after termination of the conspiracy. *See, e.g., Grunewald v. United States*, 353 U.S. 391, 400-09 (1957). To prove an act of concealment was in furtherance even though it occurred after the conspiracy ended, the Government must prove the existence of an express original agreement to conceal the conspiracy. *See id.* at 405.

Acts of concealment taken while the conspiracy is ongoing—when "the successful accomplishment of the crime necessitates concealment"—certainly may be in furtherance. *See id.*; *United States v. Grant*, 683 F.3d 639, 648–49 (5th Cir.2012) ("Efforts to conceal an ongoing conspiracy obviously can further the conspiracy by assuring that the conspirators will not be revealed and the conspiracy brought to an end.").

The Court's charge failed to require the jurors to determine, as a matter of fact, if the alleged acts of concealment were committed to facilitate an ongoing conspiracy to distribute a

controlled substance or merely to conceal a concluded conspiracy which effectively ended on June 30 or July 1, 2019. The jurors should have been instructed that, if the conspiracy had ended by prior to the alleged "acts of concealment," those acts could not be considered as being in furtherance of the conspiracy. In this manner, the Court erred by by not properly instructing the jury as to the law limiting their consideration of the alleged "acts of concealment."

In light of this error as well as the state of the evidence preponderating against the jury's verdicts with regard to venue, this Court should find that the interests of justice require the granting of a new trial in this matter.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Eric Prescott Kay (01) respectfully prays this Court enter a judgment of acquittal notwithstanding the verdicts in this matter. Alternatively, Defendant requests the Court enter an order directing a new trial.

Respectfully Submitted,

/s/ Michael A. Molfetta
Michael A. Molfetta
California Bar Number: 151992
Molfetta Law
3070 Bristol Street, Suite 580

        Costa Mesa, California 92626
        Telephone: (949) 391-2399
        michael@michaelmolfettalaw.com

        */s/ Wm. Reagan Wynn*
        Wm. Reagan Wynn
        Texas State Bar Number: 00797708
        Reagan Wynn Law, PLLC
        5049 Edwards Ranch Rd, Floor 4
        Fort Worth, Texas 76109
        Telephone: (817) 900-6800
        rw@reaganwynn.law

        ***ATTORNEYS FOR ERIC PRESCOTT KAY***

## CERTIFICATE OF CONFERENCE

    I hereby certify that on March 3, 2022, conference was held with Assistant United States Attorneys Lindsey Beran and Errin Martin and the Government is OPPOSED TO the granting of relief requested herein.

        */s/ Wm. Reagan Wynn*
        WM. REAGAN WYNN

## CERTIFICATE OF SERVICE

    I hereby certify that on March 10, 2022, I electronically filed the foregoing document using the Court's CM/ECF system, thereby effecting service on attorneys of record.

        */s/ Wm. Reagan Wynn*
        WM. REAGAN WYNN