**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | **No. 4:20-cr-269-Y** |
| **ERIC PRESCOTT KAY** | § | |

**CARLI SKAGGS'S (INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF TYLER SKAGGS) MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

    Carli Skaggs, both individually and on behalf of the estate of her deceased husband Tyler Skaggs, moves to intervene in the above cause for the limited purpose of seeking the unsealing of sealed judicial records (i.e. search warrant materials, grand jury subpoenas and transcripts, sentencing materials, and ECF Nos. 13, 29, 32, 38, 45–46, 59–63, 65–66, 69–73, 83, 86–87, 113, 115, 132–33, 149, 151–52, 171–75, 182, 189) and/or for access to inspect and copy such records. In support of this motion, Mrs. Skaggs shows as follows.

## Relevant Facts

    Carli Skaggs is the widow of Tyler Skaggs:  the victim of Defendant Eric Prescott Kay's offenses, specifically the knowing and intentional distribution of a Schedule II, controlled substance containing a detectable amount of fentanyl which resulted in death.  *See, e.g.,* ECF Nos. 78, 188.  Mrs. Skaggs is a member of the public who happens to have a direct interest in the criminal proceedings against Defendant.  She seeks to learn about the events that led to the death of her husband.  She also hopes to explore the role of drug abuse by players in Major League Baseball, which is both an issue of private significance to Mrs. Skaggs as well as an issue of public concern.

    Mrs. Skaggs is unable to view at least 35 of the judicial filings in the instant action.  These

35 filings appear to represent over 18% of the docket entries in this case. Mrs. Skaggs seeks to intervene in this case for the limited purpose of gaining access to the sealed filings through their unsealing and/or through an order allowing her access to inspect and copy the records.

## Legal Standard

The public has a right of access to judicial records under the common law as well as the First Amendment. *See, e.g., Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) ("The public has a common law right to inspect and copy judicial records."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial. This right of access also applies to plea and sentencing hearings and to documents filed in connection with such hearings."). "Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The public right of access "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system." *Bradley*, 954 F.3d at 224; *see also Binh Hoa Le*, 990 F.3d at 418 ("'Publicity is the very soul of justice.'") (internal citation omitted).

The Fifth Circuit has admonished that "[l]egal arguments, and the documents underlying them, belong in the public domain. American courts are not private tribunals summoned to resolve disputes confidentially at taxpayer expense." *Id.* at 421. And while the right of access is not absolute, courts "must balance the public's common law right of access against the interests favoring nondisclosure" before ruling in favor of non-access. *See Bradley*, 954 F.3d at 225. In exercising this discretion, courts must be sure that the denial of access is narrowly tailored to serve any legitimate interest for sealing the judicial record. *United States v. Valenti*, 987 F.2d 708, 714

(11th Cir. 1993). Such narrow tailoring can include unsealing properly sealed documents once "the danger of prejudice has passed." *Id.* It could also include making any necessary redactions where the public's interest in access is outweighed by a legitimate interest in nondisclosure. *See United States v. Pickard*, 733 F.3d 1297, 1304–05 (10th Cir. 2013) (vacating district court's denial of motion to unseal DEA records in light of, *inter alia*, district court's failure to consider whether selectively redacting the documents would adequately serve the government's interest).

A third-party, who is a member of the public but who also has a direct stake in the proceedings, has standing to assert the public's right of access just as much as any journalist, researcher, or other third-party without such direct interest. *United States v. Holy Land Found. For Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("We disagree, however, with any suggestion that the public's right of access to judicial records is relevant only when asserted by a third party, such as a journalist, with no direct stake in the proceedings."); *see also United States v. Territory of the Virgin Islands*, 2015 WL 6459938, at *1–4 (D.V.I. Oct. 26, 2015) (granting prisoner's motion to intervene for the purpose of unsealing documents in closed, settled civil case in light of prisoner's interest in evidence and documents that related to the conditions he endured while incarcerated).

## <u>Argument</u>

Pursuant to the public's common law right of access and the First Amendment, Mrs. Skaggs moves to intervene for the purpose of unsealing and/or accessing, to inspect and copy, all judicial records pertaining to the instant case. Such judicial records include, but are not necessarily limited to, all search warrant materials, grand jury transcripts, sentencing materials, and the documents docketed at ECF Nos. 13, 29, 32, 38, 45–46, 59–63, 65–66, 69–73, 83, 86–87, 113, 115, 132–33, 149, 151–52, 171–75, 182, and 189.

Counsel for Mrs. Skaggs has conferred with the government and counsel for Angels Baseball LP regarding their position on the instant motion.   Counsel for Mrs. Skaggs has also attempted to confer with counsel for Defendant Eric Kay but has not received a response. Undersigned counsel has categorized the documents for which unsealing is requested[1] along with the legal authority upon which each request is predicated and the available positions of the other parties.

## Documents with No Opposition to Unsealing

There is no known opposition to the unsealing of the below documents.

| ECF No. | Title | Gov't Position | Angels Position | Kay Position |
|---------|-------|----------------|-----------------|--------------|
| **32** | Unknown | Gov't Ex. 159 at Trial | Takes no position at this time | Unknown |
| **73** | Government's Unopposed Motion to File Witness and Exhibit Lists Under Seal | Unopposed | Takes no position at this time | Unknown |
| **86** | Government's Exhibit List as to Eric Prescott Kay filed by USA | Unopposed | Takes no position at this time | Unknown |
| **87** | Government's Witness List as to Eric Prescott Kay filed by USA | Unopposed | Takes no position at this time | Unknown |
| **133** | Unknown | Gov't Ex. 191 at Trial | Takes no position at this time | Unknown |

## Sentencing Materials

Sentencing materials may be disclosed pursuant to an intervenor's motion—particularly where the third-party can show a compelling need.  *See United States v. James*, 663 F. Supp. 2d 1018, 1021 (W.D. Wash. 2009) (granting, subject to partial redaction, the intervenor's motion to

---

[1] Undersigned counsel has categorized the sealed documents to the best of its ability based on inferences that can be drawn from other pleadings or the positions of the parties.  However, these categorizations may not be fully accurate given that the documents are sealed and undersigned counsel cannot access them to determine their true contents.

unseal a sentencing memorandum); *United States v. Ferris*, 2009 WL 3672072, at *2 (E.D. Wash. Nov. 4, 2009) ("[C]ourts have typically required a significant showing of special need before a third party is allowed to obtain a copy of a presentence report.").

As to the presentence report specifically, Mrs. Skaggs asserts the compelling need that the presentence report would contain information about Defendant Kay's employment, behavioral, criminal, and substance abuse history that may have contributed to his propensity to commit the offenses of conviction and may have placed MLB and the Angels on notice of the risk that opioid abuse was an element of the team's culture. Learning Kay's history in this regard is of private interest to Mrs. Skaggs as she seeks to fully understand the factors that led to her husband's death. However, this history also touches on a matter of public concern. DEA Administrator Ann Milgram recently warned the public about the national crisis regarding fentanyl:

> "Fentanyl is the single deadliest drug threat our nation has ever encountered," said Administrator Anne Milgram. "Fentanyl is everywhere. From large metropolitan areas to rural America, no community is safe from this poison. We must take every opportunity to spread the word to prevent fentanyl-related overdose death and poisonings from claiming scores of American lives every day."

https://www.dea.gov/fentanylawareness.   And because the Angels, MLB, and major league athletes are public figures, this case involves a high-profile example of how fentanyl does not discriminate. Understanding the full picture of how Defendant Kay's history led to his role in Mr. Skaggs's death is critical for efforts to create more awareness about the dangers of fentanyl and accountability on the issue of drug abuse among professional athletes. *See Bradley*, 954 F.3d at 232 (discussing that the fact that a document regards parties of a public nature and matters of legitimate public concern weighs against confidentiality).

Furthermore, the presentence report would provide details of how Defendant Kay's

sentencing guideline range was calculated, and information the Court may have considered with regard to departing from that guideline range. Such information is also of interest to Mrs. Skaggs.

The positions of the other parties as to the unsealing of the sentencing materials in this case are as follows.

| ECF No. | Title | Gov't Position | Angels Position | Kay Position |
|---------|-------|----------------|-----------------|--------------|
| 149 | Unknown | Sealed by order of the Court | Takes no position at this time | Unknown |
| 151 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 152 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 171 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 172 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 173 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 174 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 175 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 182 | Unknown | Opposed unless PSR is unsealed | Takes no position at this time | Unknown |
| 189 | Unknown | Sealed by order of the Court | Takes no position at this time | Unknown |

**Grand Jury and Search Warrant Materials**

Federal courts have recognized a qualified common law right of access to pre-indictment warrants as well as warrant materials more broadly. *See, e.g., United States v. Sealed Search Warrants*, 868 F.3d 385, 396 (5th Cir. 2017) ("In sum, we extend the case-by-case approach previously used by this Court for assessing the common law qualified right of access to judicial records to situations involving an individual's request to access pre-indictment warrant materials such as the affidavits in this case."); *In re Granick*, 388 F. Supp. 3d 1107, 1119 (N.D. Cal. 2019) ("[T]he public has a qualified common law right of access to warrant materials after an

6

investigation has been terminated in a particular case, giving rise to a strong presumption in favor

of access.") (internal quotation marks and citation omitted).

Federal courts have also recognized a district court's inherent authority to unseal grand

jury materials. *See Carlson v. United States*, 837 F.3d 753, 766–67 (7th Cir. 2016) (affirming the

district court's unsealing of grand jury materials under the district court's inherent power to do so

for a circumstance not addressed by Rule 6(e)(3)(E).

The positions of the other parties as to the unsealing of the grand jury and search warrant

materials in this case are as follows.

| ECF No. | Title | Gov't Position | Angels Position | Kay Position |
|---------|-------|----------------|-----------------|--------------|
| **13** | Unknown | Opposed | Takes no position at this time | Unknown |
| **29** | Unknown | Opposed | Takes no position at this time | Unknown |
| **69** | Unknown | Opposed | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |
| **71** | Unknown | Opposed | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |
| **72** | Unknown | Opposed | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |
| **83** | Unknown | Opposed | Takes no position at this time | Unknown |
| **113** | Unknown | Opposed | Takes no position at this time | Unknown |
| **115** | Unknown | Opposed | Takes no position at this time | Unknown |
| **132** | Unknown | Opposed | Takes no position at this time | Unknown |

## Documents Related to Government's Motion to Compel

The positions of the other parties as to the unsealing of the documents related to the

government's motion to compel in this case are as follows.

| ECF No. | Title | Gov't Position | Angels Position | Kay Position |
|---------|-------|----------------|-----------------|--------------|
| **38** | Sealed Motion to | Unopposed with | Opposed, as it relates to | Unknown |

|    |                                                                                                                                           |                                                                                    |                                                                                                 |         |
|----|-------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------|---------|
|    | Seal Appendix to Government's Motion to Compel Production of Materials and Information Demanded by Subpoena                                 | appropriate redactions of grand jury material/references                           | government's motion to compel and contains confidential information                             |         |
| 45 | Sealed Order Granting Sealed and/or Ex Parte Motion (38) in Case as to Eric Prescott Kay                                                   | Unopposed                                                                          | Opposed, as it relates to government's motion to compel and contains confidential information   | Unknown |
| 46 | Sealed Appendix in Support re: (37) Motion to Compel as to Eric Prescott Kay filed by USA                                                  | Unopposed with appropriate redactions of grand jury material/references            | Opposed, as it relates to government's motion to compel and contains confidential information   | Unknown |
| 59 | Sealed Angels Baseball LPs Motion to Seal Appendix in Support of Its Opposition to Government's Motion to Compel                           | Unopposed with appropriate redactions of grand jury material/references            | Opposed, as it relates to government's motion to compel and contains confidential information   | Unknown |
| 60 | Sealed Motion for Leave to File Government's Reply to Angels' Opposition to Motion to Compel and Request for Evidentiary Hearing Under Seal | Unopposed with appropriate redactions of grand jury material/references            | Opposed, as it relates to government's motion to compel and contains confidential information   | Unknown |
| 61 | Objection by Angels Baseball LP as to Eric Prescott Kay re: (60) Sealed Motion for Leave to File Government's Reply to Angels' Opposition to | Unopposed with appropriate redactions of grand jury material/references            | Opposed, as it relates to government's motion to compel and contains confidential information   | Unknown |

| | | | | |
|---|---|---|---|---|
| | Motion to Compel and Request for Evidentiary Hearing Under Seal | | | |
| **62** | Sealed Order Granting (59) Motion to Seal Appendix as to Eric Prescott Kay | Unopposed with appropriate redactions of grand jury material/references | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |
| **63** | Sealed Appendix in Support of Angels Baseball LP's Opposition to Government's Motion to Compel Production of Materials and Information Demanded by Subpoena | Unopposed with appropriate redactions of grand jury material/references | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |
| **65** | Sealed Order Granting Leave to File a Reply Under Seal re: (60) in Case as to Eric Prescott Kay | Unopposed with appropriate redactions of grand jury material/references | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |
| **66** | Sealed and/or Ex Parte Reply re: (37) Motion to Compel and Request for Evidentiary Hearing as to Eric Prescott Kay filed by USA | Unopposed with appropriate redactions of grand jury material/references | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |
| **70** | Sealed Response re: (68) Motion to Unseal Document (Order Denying Motion to Compel Production) filed by USA | Unopposed with appropriate redactions of grand jury material/references | Opposed, as it relates to government's motion to compel and contains confidential information | Unknown |

In its opposition to the LA Times's Motion to Unseal, ECF No. 93, Angels Baseball LP indicates that the documents relating to the government's motion to compel includes the "Angels privilege log, private communications between the Angels Baseball and the government seeking to settle the dispute regarding the subpoena, and other non-public information, such as references to investigations into person(s) that were never implicated in any wrong-doing and have a right to privacy, other grand jury proceedings, and other confidential materials." *See id.* at 2. Angels Baseball LP contends that the interest favoring nondisclosure outweighs the public's right of access, particularly in light of the fact that the government's motion, the Angels' response, and the Court's order on the motion are all publicly accessible. *See id.* at 2–3.

This Court never had the occasion to rule on the merits of Angels Baseball LP's arguments. *See* ECF No. 104. This was seemingly because the LA Times clarified that their motion to unseal only sought "that the Court make public *docket entries* that [we]re currently sealed from public view" and that they did not seek to review the contents of such documents at that time. ECF No. 99 at 6 (emphasis in original). Nevertheless, Angels Baseball LP's response sets forth what they believe to be the private interests favoring nondisclosure of the documents relating to the government's motion to compel. *See* ECF No. 93 at 5–7. Specifically, Angels Baseball LP states that the documents, which include the Angels' privilege log, refer to privileged material; they contain information related to grand jury proceedings; they reference persons never accused of wrongdoing in connection with this case; and they include confidential communications seeking to settle disputes. *See id.* Counsel for Mrs. Skaggs addresses each of these stated bases for nondisclosure in turn.

As to the assertion of privilege, Angels Baseball LP cannot claim work product protection or privilege as to any documents voluntarily provided to the government and filed on the electronic

10

docket as such protection has been forfeited through their voluntary production. *See Jane Doe #1 v. United States*, 2013 WL 12080929, at *3 (S.D. Fla. June 18, 2013) ("Assuming without deciding that any part of the correspondence in question reflects the mental impressions, conclusions, or legal theories of Epstein's attorneys, any work product protection which might otherwise attach to this product was necessarily forfeited when Epstein voluntarily submitted the information to the United States Attorney's Office[.]").  And it is axiomatic that a privilege log does not itself contain privileged information. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) (directing that when claiming privilege and describing the nature of documents not produced or disclosed, a party must do so in a manner that does not reveal the privileged or protected information).

With regard to documents referencing grand jury materials, Mrs. Skaggs incorporates the request from above that the entirety of the grand jury materials be unsealed under the case-by-case approach discussed in *United States v. Sealed Search Warrants*, 868 F.3d at 396.  One consideration for the Court in this regard is that the sealing of such documents is no longer necessary given that the government's investigation of Tyler Skaggs's death has presumably concluded.  However, in the alternative, Mrs. Skaggs requests—in line with the government's position—that the documents related to the government's motion to compel be unsealed and redacted as narrowly as possible (including any necessary redactions of grand jury materials/references), so as to adequately protect the public's legitimate interest. *See Pickard*, 733 F.3d at 1304–05.

As for the Angels' concern that the documents reference persons who were never accused of wrongdoing in connection with this case, it is difficult to respond to that concern without more context. *See Holy Land Found. For Relief and Dev.*, 624 F.3d at 692 ("Just as the context of a party's naming as a possible coconspirator is relevant to whether the naming was wrongful and

whether it should be sealed, context is relevant to whether the naming of a party should be expunged.").  That said, to the extent necessary, Mrs. Skaggs would alternatively propose a narrowed-tailored redaction to ameliorate any such concern.

Finally, Angels Baseball LP claims that the confidentiality of the communications seeking to settle the motion-to-compel dispute outweighs the public's right of access.  However, the Angels like "most litigants[,] have no incentive to protect the public's right of access."  *Binh Hoa Le*, 990 F.3d at 419 (alteration included).  Instead, protection of the public's right of access requires that the Court undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."  *Id.*  (internal quotation marks and citation omitted).  In performing this balancing, the Court must apply a presumption in favor of the public's access to these documents—communications that were filed upon the judicial record.  *See id.*

Angels Baseball LP cites *Pearson's Inc. v. Ackerman*, No. 7:18-cv-00013-BP, No. 2018 WL 10483853, at *3 (N.D. Tex. Nov. 20, 2018) for the proposition that the confidentiality of settlement negotiations outweighs the presumed public right of access.  *See* ECF No. 93 at 6.  That case is inapposite here because the documents the Angels seek to keep sealed do not contain communications regarding the settlement of a lawsuit or criminal action.  Rather, these documents regard the resolution of a discovery matter.  Additionally, while the Court in *Ackerman* permitted the parties' request to seal the settlement communications, there is no such agreed upon request in the instant case at this time.

Angels Baseball LP may have been correct to suggest that their communications with the government regarding the government's subpoena(s) were properly conducted in secret prior to this Court's involvement.  *See Binh Hoa Le*, 990 F.3d at 420.  "But at the *adjudicative stage*, when

materials enter the court record, the standard for shielding records from public view is far more arduous.  This conflation error . . . is a common one and one that over-privileges secrecy and devalues transparency." *Id.* (emphasis in original).[2]

Thus, the Angels' assertion that the documents contain confidential information—alongside all of the other assertions presented—does not suffice to overcome the presumptive right of public access.

## An Additional Consideration

To the extent that certain documents were properly sealed prior to final judgment being rendered in the case, Mrs. Skaggs requests that the Court find that any danger of prejudice has now passed, and that the documents may now be released.  *See Valenti*, 987 F.2d at 714 ("Even where a court properly denies the public and the press access to portions of a criminal trial, the transcripts of properly closed proceedings must be released when the danger of prejudice has passed.").

## Conclusion

Accordingly, Mrs. Skaggs (individually and on behalf of the estate of Tyler Skaggs) respectfully moves this Court to intervene in the above cause and to unseal the sealed judicial records in this case.

Respectfully submitted,

By:  /s/ Rusty Hardin
     Russell Hardin, Jr.
     *Attorney-in-Charge*
     Texas State Bar No. 08972800

OF COUNSEL:
RUSTY HARDIN & ASSOCIATES, LLP
Lara Hollingsworth
State Bar No. 00796790

---

[2] The *Binh Hoa Le* Court was referring to the need for courts to not conflate "the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal[.]"  *See id.* at 420.  The same conflation issue is evident here where Angels Baseball LP contends that private communications concerning discovery matters should remain secret despite the filing of those communications into the judicial record.

John MacVane
State Bar No. 24085444
Aisha Dennis
State Bar No. 24128655
1401 McKinney Street, Suite 2250
Houston, Texas  77010
Telephone:  (713) 652-9000
Facsimile:  (713) 652-9800
Email:  rhardin@rustyhardin.com
Email:  lhollingsworth@quinonesandassociates.com
Email:  jmacvane@rustyhardin.com
Email:  adennis@rustyhardin.com

*Attorneys for Carli Skaggs*

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Assistant United States Attorney Erinn Martin, and determined that the United States is unopposed in part, and opposed in part to this motion as set forth above.

*/s/ Lara Hollingsworth*
Lara Hollingsworth

I certify that I attempted to confer with counsel for the Defendant, Brett Evan Ordiway and has not received a response.

*/s/ Lara Hollingsworth*
Lara Hollingsworth

I certify that I conferred with counsel for Angels Baseball LP, Ariel Neuman, and determined that the Angels Baseball LP is opposed in part to this motion and otherwise takes no position.

*/s/ Lara Hollingsworth*
Lara Hollingsworth

14

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 27, 2023, a copy of the foregoing motion was served by Notification

of Electronic Filing and was delivered by email to the parties of record.


*/s/ Aisha Dennis*
Aisha Dennis