**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | Case No. 4:20-CR-269-Y |
| v. | § | |
| | § | |
| ERIC PRESCOTT KAY | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**ANGELS BASEBALL, LP'S OPPOSITION TO NON-PARTY CARLI SKAGGS'S
MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

Angels Baseball, LP ("Angels Baseball") files this brief in opposition to non-party Carli

Skaggs's ("Mrs. Skaggs") Motion to Unseal Judicial Records (Dkt. 223). Angels Baseball was

not a party to the underlying matter and so does not have access to the vast majority of sealed

documents. However, the government and Angels Baseball did litigate certain issues related to a

subpoena issued to Angels Baseball, and some of the documents related to that particular dispute

were appropriately sealed by the Court. Angels Baseball requests that any docket entries related

to the government's motion to compel documents from Angels Baseball (Dkt. 37) that have been

sealed (including Docket Nos. 38, 45-46, 59-63, 65-66, and 70), remain sealed. The motion

itself, the opposition, and the Court's Order are all publicly available and Mrs. Skaggs shows no

justification for unsealing the remaining material.

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

Moreover, Mrs. Skaggs has not been candid with the Court. Not referenced in her Motion is the fact that she and Tyler Skaggs's parents have filed a civil wrongful death suit against Angels Baseball in California and the parties are actively and vigorously litigating that case.[1]  Rather than what Mrs. Skaggs calls an effort "to learn about the events that led to the death of her husband . . . [and] to explore the role of drug abuse by players of Major League Baseball" (Mot. at 1), the Motion is clearly an attempt to obtain sealed court documents in the hopes of bolstering that floundering civil lawsuit.

Date: May 11, 2023

| s/ Ariel A. Neuman | s/ John H. Cayce |
|---|---|
| Ariel A. Neuman | John H. Cayce |
|    aneuman@birdmarella.com | State Bar No. 04035650 |
| Admitted *Pro Hac Vice* | john.cayce@kellyhart.com |
| Nicole R. Van Dyk | Michael D. Anderson |
|    nvandyk@birdmarella.com | State Bar No. 24031699 |
| Admitted *Pro Hac Vice* | michael.anderson@kellyhart.com |
| Oliver Rocos | Ryan M. Roper |
|    orocos@birdmarella.com | State Bar No. 24098347 |
| Admitted *Pro Hac Vice* | ryan.roper@kellyhart.com |
| Naomi S. Solomon | **KELLY HART & HALLMAN LLP** |
|    nsolomon@birdmarella.com | 201 Main Street, Suite 2500 |
| Admitted *Pro Hac Vice* | Fort Worth, Texas 76102 |
| **BIRD, MARELLA, BOXER, WOLPERT,** | Telephone: (817) 332-2500 |
| **NESSIM, DROOKS, LINCENBERG &** | Facsimile: (817) 878-9280 |
| **RHOW, P.C.** | |
| 1875 Century Park East, 23rd Floor | |
| Los Angeles, California 90067-2561 | |
| Telephone: (310) 201-2100 | |
| Facsimile: (310) 201-2110 | |

**ATTORNEYS FOR ANGELS BASEBALL, LP**

---

[1]     The case is captioned *Carli Skaggs Individually and on Behalf of the Estate of Tyler Skaggs, Debbie Hetman, and Darrell Skaggs, Individually v. Angels Baseball LP*, No. 30-2021-01231706-CU-PO-NJC, and is pending before the Hon. Glenn Salter in Department N06 of the Superior Court of California, County of Orange.

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      INTRODUCTION .................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND....................................................3

III.    LEGAL STANDARD............................................................................................4

IV.     ARGUMENT ....................................................................................................5

V.      CONCLUSION.................................................................................................10

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*In re Avantel, S.A.*,
  343 F.3d 311 (5th Cir. 2003) ...............................................................................6

*Belo Broad. Corp. v. Clark*,
  654 F.2d 423 (5th Cir. 1981) ...............................................................................4

*Binh Hoa Le v. Exeter Fin. Corp.*,
  990 F.3d 410 (5th Cir. 2021) ...............................................................................9

*Carlson v. United States*,
  837 F.3d 753 (7th Cir. 2016) ...............................................................................8

*Nixon v. Warner Communications*,
  435 U.S. 589 (1978)...........................................................................................10

*Pearson's Inc. v. Ackerman*,
  No. 7:18-CV-00013-BP, 2018 WL 10483853 (N.D. Tex. Nov. 20, 2018) .............................9

*United States v. Procter & Gamble Co.*,
  356 U.S. 677 (1958)..........................................................................................7, 8

*United States v. Sealed Search Warrants*,
  868 F.3d 385 (5th Cir. 2017) ...........................................................................4, 8

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
  913 F.3d 443 (5th Cir. 2019) ...............................................................................4

**Other Authorities**

Fed. R. Crim. P. 6(e)(5) ..........................................................................................7

Fed. R. Crim. P. 6(e) ...........................................................................................7, 8

Fed. R. Evid. 408 ...................................................................................................9

Local Civil Rule 79.3 .............................................................................................9

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

## I.      INTRODUCTION

Non-party Carli Skaggs's ("Mrs. Skaggs") Motion to Intervene and Unseal Judicial

Records is a blanket request to make public all judicial records that have been previously sealed

in connection with this case.  Dkt. 223 ("Motion" or "Mot.") at 1.  The request includes dozens

of documents that were previously filed in the case and were sealed by the Court for specific

reasons, as well as records that are typically sealed in connection with criminal cases, including

search warrant materials, grand jury subpoenas and transcripts, and sentencing materials such as

pre-sentence reports and responses.  *Id.*  The Motion does not identify any convincing reasons

for the Court to reconsider its previous orders in which the Court weighed the interests of the

public's right to access such documents against the other considerations supporting sealing, or to

unseal any other non-public records, especially considering that the case is currently on appeal

and therefore has not reached a final disposition.

While the Motion contends that "Mrs. Skaggs is a member of the public who happens to

have a direct interest in the criminal proceedings against Defendant," Mot. at 1, the reality is that

Mrs. Skaggs is a civil litigant hoping to find something in the sealed documents to support her

claims against Angels Baseball.  Indeed, although the Motion conspicuously fails to

acknowledge Mrs. Skaggs's civil litigation, it obliquely concedes Mrs. Skaggs's real motivation:

to obtain information "about Defendant Kay's employment, behavioral, criminal, and substance

abuse history that may have contributed to his propensity to commit the offenses of conviction

and may have placed MLB and the Angels on notice of the risk that opioid abuse was an element

of the team's culture."  *Id.* at 5.  The timing of Mrs. Skaggs's Motion is also notable, as it comes

more than a year after Mr. Kay's conviction but less than a month after a California state court

dismissed in part Mrs. Skaggs's Third Amended Complaint, and while certain discovery disputes

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

are pending before the court in California.  However, a civil litigant is not entitled to conduct a fishing expedition into sealed criminal records in order to bolster an otherwise failing civil action.  In short, that Mrs. Skaggs has been unable to find any evidence to support her claims against Angels Baseball is no reason to publicly release confidential and properly sealed court records.  Nor should the Court aid Mrs. Skaggs's attempts to avoid the discovery limitations and constitutional privacy protections of California law, which are the subject of submitted motions in the California civil action.

Angels Baseball is a third party to this litigation, following the government's public filing of a Motion to Compel.  *See* Dkt. 37. Certain – but not all – documents related to the litigation of that motion were sealed for specific reasons, including Docket Nos. 38, 45-46, 59-63, 65-66, and 70 (the "Sealed Documents").  *See* Dkt. 62.  The critical aspects of the government's dispute with Angels Baseball, however, are publicly available through the files of this Court, including the motion itself, the opposition, and the Court's final Order, all of which are not sealed.  Mrs. Skaggs makes no effort at all to explain how access to the limited amount of sealed material underlying that dispute will further her stated goals – because it will not.  Rather, her real motivation is obvious: she is seeking this material in the vain hope that it will give her some advantage in her ongoing litigation against Angels Baseball, wherein the parties have several discovery disputes pending.

For the reasons discussed below, there is no basis to unseal the Sealed Documents, as the public's (and Mrs. Skaggs's) interest in accessing these documents is far outweighed by the interests favoring nondisclosure, especially given that the most critical documents – including the motion, the opposition, and the Court's Order – are not sealed.

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2021, after several years of Angels Baseball producing material to the government in connection with its investigation of the death of Tyler Skaggs, the government served Angels Baseball with a subpoena for documents. Dkt. 58 at 6. Angels Baseball responded to the subpoena, including by properly asserting privilege over certain documents related to its internal investigation and producing a privilege log. *Id.* at 6-7. The government filed a publicly-available motion to compel production of those documents, Dkt. 37, and included in its motion an appendix that contained the privilege log produced by Angels Baseball, as well as communications between the parties seeking to settle the dispute. Dkt. 38. The government properly moved to seal that appendix. Dkt. 38.

Angels Baseball opposed the government's motion to compel in a publicly-filed document. Dkt. 58. At the same time, Angels Baseball moved to seal the appendix attached to its opposition, because the documents in the appendix referred extensively to the materials the government had moved to seal in connection with its motion, additional confidential communications, as well as other non-public information related to the government's investigation. Dkt. 59. The Court granted the request and Angels Baseball's appendix was filed under seal. Dkts. 62, 63.

The government then sought to file a reply to its Motion to Compel. Dkt. 60-1. The government moved to seal the lodged reply brief for the same reasons. Dkt. 60.

The Court denied the government's motion to compel in an order that is publicly available.[2] Dkt. 67.

---

[2]     The Order was originally filed under seal, but upon application of Angels Baseball, was unsealed by the Court. Dkt. 84.

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

The documents filed in connection with the government's motion and Angels Baseball's opposition that remain under seal are Docket Nos. 38, 45-46, 59-63, 65-66, and 70. Every one of those documents was properly sealed.

On December 20, 2021, the *Los Angeles Times* filed a Motion to Intervene and Unseal Documents, requesting similar relief as sought by the present Motion. Dkts. 89-91. Angels Baseball filed an opposition to the Los Angeles Times' motion. Dkt. 93. The *Los Angeles Times* then clarified in its proposed reply brief that it was merely seeking to unseal the docket *entries*, not the sealed documents themselves. Dkt. 99. The Court granted the request to unseal the docket entries in this case. Dkt. 104. Mrs. Skaggs now seeks to unseal every single document previously filed under seal in this case, as well as other confidential, non-public documents created in connection with the investigation of Tyler Skaggs's death and the prosecution of Mr. Kay (e.g., grand jury material, search warrants, etc.).

## III.  LEGAL STANDARD

The Fifth Circuit has repeatedly refused to characterize the presumption in favor of public access to court records as "strong" or to require a strong showing of proof to seal documents. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing cases). Rather, in the Fifth Circuit, the decision to seal or unseal records is to be analyzed on a case-by-case basis, *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017), and the individualized decision is best left to the sound discretion of the district court. *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 599 (1978)).

## IV.    ARGUMENT

Angels Baseball, as a non-party, leaves to the parties to address the majority of the

documents demanded by Mrs. Skaggs, except to note that Mrs. Skaggs is engaged in vigorous

discovery in her civil case by which she should be able to obtain all the information she needs to

meet her stated goals and, importantly, all information she is entitled to under the law of her

chosen forum.[3]  Further, her counsel was present for the entire criminal trial in this matter, and

has (or can obtain) transcripts, trial exhibits, etc.  Finally, as a trial witness and the wife of the

deceased, Mrs. Skaggs and/or her counsel had communications with the government throughout

the investigation and proceedings.  With all of this in mind, Mrs. Skaggs's failure to present a

compelling explanation of why she is entitled to the sealed materials, and why the Court should

reconsider its prior sealing decisions, is understandable.  She has or can obtain with the power of

a subpoena everything she needs to understand what happened.  Additionally, as Mr. Kay's case

remains open on appeal, any prejudice that existed at the time of the trial remains intact.[4]

Angels Baseball focuses its discussion on the few sealed documents relevant to its

litigation of the government's Motion to Compel.  The Court properly exercised its discretion in

---

[3]    To date, in addition to whatever private investigation Mrs. Skaggs conducted prior to bringing her civil suit, Mrs. Skaggs and her co-plaintiffs (who are represented by the same attorneys) have served on Angels Baseball 126 Requests for Production, 75 Requests for Admission, 75 Special Interrogatories, and four sets of Form Interrogatories.  In addition, they have served at least 33 subpoenas on individuals, each of which contains 84 additional Requests for Production, with approximately 40 more apparently on the way.  And depositions have not yet even begun.  The parties are litigating objections to pending discovery in California Superior Court and disputes are submitted and awaiting ruling by the trial judge.

[4]    The Motion cites to an inapplicable, out-of-circuit case to argue that the documents should be released because Mr. Kay's criminal trial has ended.  Mot. at 13 (citing *United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993)).  The case, which dealt with sealed portions of a criminal trial, has no relevance here.  This is not a case where "the danger of prejudice has passed," given that Mr. Kay's case remains open on appeal and the status of the government's investigation is unknown.

sealing Docket Nos. 38, 45-46, 59-63, 65-66, and 70.  The Sealed Materials, filed in connection with the government's motion to compel and Angels Baseball's opposition, contain sensitive, non-public information that do not concern the public interest or implicate the public's right to access judicial records.  They should therefore remain sealed and Mrs. Skaggs's Motion to Unseal should be denied.  The most critical documents related to the government's dispute with Angels Baseball are all publicly available, and only a limited subset remain properly sealed.

Indeed, as with most of her Motion, Mrs. Skaggs makes no effort to explain how documents related to a Motion to Compel filed against Angels Baseball – the majority of which is public – will bolster her stated desire to "learn about the events that led to the death of her husband . . . [and] the role of drug abuse by players in Major League Baseball."  They will not. Rather, this particular portion of Mrs. Skaggs's Motion is a blatant attempt to circumvent civil discovery proceedings being conducted in the California state court.  Litigation of whether the government's subpoena to Angels Baseball was proper has nothing to do with Mrs. Skaggs's stated goals.  Her only possible motivation for requesting this material is some hope that this will help her civil case in some way.

The Court properly sealed the limited set of documents at issue based on the request of both the government and Angels Baseball.  **First**, the documents include Angels Baseball's privilege log and refer to privileged material.  Mrs. Skaggs makes no effort to explain how access to these items will further her stated goals or why the public has a right to access a private party's privilege log produced to the government pursuant to a subpoena (which itself is confidential).  Indeed, the only possible reason she wants this material is in the hope that it will further her discovery efforts in the civil litigation.  However, courts routinely seal records that contain references to privileged material.  *See, e.g., In re Avantel, S.A.*, 343 F.3d 311, 324 (5th

Cir. 2003) (granting motion to place volume of an appendix under seal because it referenced privileged materials).  The Motion does not address whether references to privileged materials are properly sealed, but instead argues that Angels Baseball cannot claim work product protection as to documents provided to the government.[5]  Mot. at 10-11.  But the question is not whether Angels Baseball can withhold such documents as protected by the privilege or work product doctrines, but whether such documents were properly sealed by the Court.  That Mrs. Skaggs seeks to obtain information referencing Angels Baseball's privileged materials for use in her own private action against Angels Baseball does not justify unsealing.

**Second**, the documents in question were sealed because they reference the grand jury investigation and the investigation of person(s) who were never accused of wrongdoing in connection with this case.  Such information is exactly the type that is meant to remain sealed pursuant to Federal Rule of Criminal Procedure 6(e) and the Court's supervisory power.  Fed. R. Crim. P. 6(e)(5), (6) (imposing on courts the duty to prevent disclosure of matters occurring before a grand jury, including maintaining records, orders, and subpoenas related to grand jury proceedings under seal); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 n.6 (1958) (stating that two of the reasons for the existence of "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts" are "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes" and "to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation").  While the Motion cites a single out-of-circuit case that merely stands for the proposition that a trial court *may* unseal grand jury materials in its discretion, it

---

[5]      The Motion also argues that Angels Baseball has forfeited protection over the documents in question by filing them on the electronic docket, Mot. at 10-11, but that argument of course ignores that the documents were filed under seal, not publicly.

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

does not present any legitimate basis to do so here, particularly as it relates to individuals who were never charged with wrongdoing.  Mot. at 6-7 (citing *Carlson v. United States*, 837 F.3d 753, 766–67 (7th Cir. 2016)).[6]  Indeed, as the *Carlson* case cited by Mrs. Skaggs itself states, trial courts only have the power to disclose grand jury materials "in exceptional circumstances." *Id.* at 766 (upholding a trial court's decision to disclose grand jury proceedings from 70 years prior that related to the disclosure of confidential military information in connection with the United States' victory at the Battle of Midway in World War II).  Plainly the case has no relevance here, as the grand jury investigation of Mr. Kay has no public or historical significance and the case is still on appeal.  If any civil litigant with an interest in a criminal case could obtain grand jury transcripts and material with a motion like Mrs. Skaggs's, it would directly harm the laudable policy goals of "encourag[ing] free and untrammeled disclosures by persons who have information with respect to the commission of crimes" and "protect[ing] innocent accused who is exonerated from disclosure of the fact that he has been under investigation (*Procter & Gamble Co.*, 356 U.S. at 682 n.6).  Mrs. Skaggs's transparent fishing expedition for information to use in her civil case against Angels Baseball does not present an exceptional circumstance sufficient to disclose confidential grand jury information.

**Third**, the documents in question were sealed because they contain confidential communications between Angels Baseball and the government seeking to settle the dispute around the subpoena. Again, Mrs. Skaggs makes no effort to explain how access to this material

---

[6]     The Motion's citation to *United States v. Sealed Search Warrants*, 868 F.3d 385, 396 (5th Cir. 2017) (Mot. at 11) is inapposite, as that case explicitly applies only to search warrant materials, not grand jury materials, and merely states that the disclosure of warrant materials should be evaluated on a case-by-case basis.  Given the robust secrecy protections applied to grand jury materials under Fed. R. Crim. P. 6(e), the rules that apply to search warrant materials cannot be extended to grand jury materials.

will further her stated goals, or why the Court should depart from the general rule that

confidential communications seeking to settle disputes are generally sealed because they are

inadmissible under Federal Rule of Evidence 408 and therefore do not implicate the public's

right of access. *See, e.g., Pearson's Inc. v. Ackerman*, No. 7:18-CV-00013-BP, 2018 WL

10483853, at *3 (N.D. Tex. Nov. 20, 2018) (sealing settlement communications pursuant to

Local Civil Rule 79.3 because they are generally inadmissible under Federal Rule of Evidence

408 and the parties agreed they should be sealed).[7]  While Mrs. Skaggs asks the Court to

undertake a balancing of the public's common law right of access against the interests favoring

non-disclosure (Mot. at 12), she fails to acknowledge that *the Court has already done just that*,

and utilized its discretion to seal the documents.  *See* Dkt. Nos. 45, 62, 65.  She provides no basis

to revisit that decision.  Indeed, if her stated goals are taken at face value, there is nothing about

settlement communications between the government and Angels Baseball related to a subpoena

that justifies unsealing.  The Court properly exercised its discretion when it ordered the

documents to be filed under seal and there is no basis to reconsider that decision.[8]

---

[7]     The Motion erroneously argues that *Pearson's Inc. v. Ackerman* is inapposite because the communications here related to a discovery dispute as opposed to a lawsuit or criminal action and there is, according to Mrs. Skaggs, no agreed-upon request to seal the settlement communications.  Mot. at 12.  However, the *Pearson* decision was based on the fact that the communications were inadmissible, not the type of dispute in question, and there certainly can be no dispute that the communications in question here are not admissible in the current case. Further, contrary to Mrs. Skaggs's contention, both the government and Angels Baseball moved to seal the materials in question in this case.  *See, e.g.*, Dkt. 38 (government's motion to seal appendix); Dkt. 59 (Angels Baseball's motion to seal appendix).

[8]     The Motion inexplicably cites *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021) for the proposition that courts should not conflate "the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal."  Mot. at 13 n.2.  However, while the Motion argues that the "same conflation issue is evident here," that is plainly false, as *Binh Hoa Le* involved a scenario in which the parties had agreed to keep documents confidential but the trial court had not issued a sealing order.  *Binh Hoa Le*, 990 F.3d at 420.  Here, the Court has issued a sealing order, and thus already found that the standard for placing filed materials under seal has been met.  Dkt. Nos. 45, 62, 65.  No conflation issue exists.

Accordingly and for all of these reasons, good cause exists to maintain the sealing of the documents in question and Mrs. Skaggs provides no basis for the Court to revisit its decisions. *See Nixon*, 435 U.S. at 598 (stating that the court has "supervisory power over its own records and files" and may seal documents "where court files might [ ] become a vehicle for improper purposes" or information that could be used for "scandalous or libelous purposes"). Mrs. Skaggs's and the public's interest in the discovery dispute between the government and Angels Baseball is more than met by the fact that the parties' briefing and the Court's Order are all public. Mrs. Skaggs's Motion conflates the public interest in open court proceedings with her own personal interest in her civil litigation against Angels Baseball, and does not provide any legal basis to justify the Court revisiting its decision to seal the documents in question. Mrs. Skaggs's failure to acknowledge her ongoing civil suit and her ability to obtain factual information via court subpoena is telling.

The Court should therefore affirm its previous decisions to seal and deny the Motion with respect to Docket Nos. 38, 45-46, 59-63, 65-66, and 70.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny Mrs. Skaggs's Motion with respect to Docket Nos. 38, 45-46, 59-63, 65-66, and 70 and maintain those documents under seal. Should the Court conclude otherwise, Angels Baseball respectfully requests that the documents be made available just to Mrs. Skaggs, and she should be ordered to maintain the documents consistent with the protective order into which the parties have entered in the civil case in California.

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS

Respectfully submitted,

Date: May 11, 2023


s/ *Ariel A. Neuman*                                    s/ *John H. Cayce*

Ariel A. Neuman                                          John H. Cayce
   aneuman@birdmarella.com                State Bar No. 04035650
Admitted *Pro Hac Vice*                                  john.cayce@kellyhart.com
Nicole R. Van Dyk                                        Michael D. Anderson
   nvandyk@birdmarella.com                 State Bar No. 24031699
Admitted *Pro Hac Vice*                                  michael.anderson@kellyhart.com
Oliver Rocos                                             Ryan M. Roper
   orocos@birdmarella.com                  State Bar No. 24098347
Admitted *Pro Hac Vice*                                  ryan.roper@kellyhart.com
Naomi S. Solomon                                         **KELLY HART & HALLMAN LLP**
   nsolomon@birdmarella.com                201 Main Street, Suite 2500
Admitted *Pro Hac Vice*                                  Fort Worth, Texas 76102
**BIRD, MARELLA, BOXER, WOLPERT,**                       Telephone: (817) 332-2500
**NESSIM, DROOKS, LINCENBERG &**                         Facsimile: (817) 878-9280
**RHOW, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110


**ATTORNEYS FOR ANGELS BASEBALL, LP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of May, 2023, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system for the U.S. District

Court, Northern District of Texas, which will generate service to all counsel of record and

interested parties.


Date: May 11, 2023                          *s/ Ariel A. Neuman*
                                            _____
                                            Ariel A. Neuman

ANGELS BASEBALL, LP'S OPPOSITION TO MOTION TO UNSEAL JUDICIAL RECORDS