```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

UNITED STATES OF AMERICA       §
                               §
VS.                            §    ACTION NO. 4:20-CR-269-Y
                               §
ERIC PRESCOTT KAY (1)          §
```

### ORDER GRANTING MOTION TO INTERVENE AND PARTIALLY GRANTING MOTION TO UNSEAL RECORDS

Pending before the Court is the Motion to Intervene and Unseal Judicial Records (doc. 223) filed by Carli Skaggs, Individually and on Behalf of the Estate of Tyler Skaggs. Neither the government nor defendant Kay filed a response in opposition to the motion; nevertheless, the motion sets forth, as to each document for which unsealing is requested, whether the government opposes the request. Additionally, the Court has received an objection to the motion on behalf of Angels Baseball, LP ("the Angels"). After review of these documents, the record, and the applicable law, the Court concludes that the Motion to Intervene should be, and it is hereby, GRANTED in that Skaggs is permitted to intervene in this action for the purpose of seeking the unsealing of certain documents.

Additionally, after weighing "'the public's common[-]law right of access against the interests favoring nondisclosure,'"[1] and keeping in mind that the Court should "exercise[] charily" its discretion

---

[1] *Thompson v. Tex. Dep't of Crim. Justice*, 67 F. 4th 275, 284 (5th Cir. 2023)(quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

ORDER GRANTING MOTION TO INTERVENE AND . . . - Page 1
TRM/chr

to maintain documents under seal,[2] the Court concludes that Skaggs's Motion to Unseal should be, and it is hereby, PARTIALLY GRANTED, as follows:

(1) Document numbers 32, 73, 86, 87, and 133 are UNSEALED. No party has objected to the unsealing of these documents, and the Court discerns no basis for them to remain sealed.

(2) Documents number 182 and 189 are UNSEALED, but the images of documents 149, 151, 152, and 171-175 shall remain SEALED. The latter documents quote or refer to matters contained in Defendant's presentence report, and Skaggs has failed to present a sufficiently "'compelling, particularized need for disclosure'" of that information. *U.S. v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995) (quoting *United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989)).

(3) Documents number 13, 29, 69, 72, 83, 113, 115, and 132 are UNSEALED, but the image of document 71 shall remain sealed, inasmuch as it includes confidential/sensitive information about a government witness that is not related to the offenses involved in this case.

(4) Documents number 45, 61, 62, 65, and 70 are UNSEALED. Redacted images of documents 38, 46, 59, 60, 63, 66, are UNSEALED. The Court concludes that, despite whatever justification may have originally existed for sealing the entirety of these documents (that justification largely having been that, at the time of filing, the parties agreed that the documents should be filed under seal), there is now no reason to maintain them under seal. The Court simply is

---

[2] *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

not persuaded that the documents reveal privileged information or that the discussions between the government and the Angels regarding the subpoena at issue should remain sealed at this juncture of these proceedings.  The Court has, however, redacted references in the documents to persons unrelated to this case.

    SIGNED June 21, 2023.

                                          TERRY R. MEANS
                                          UNITED STATES DISTRICT JUDGE